April 14, 2006

PETE,

Please docket for

CA No. 06-127 KAJ

28 U.S.C. § 2254

FILED

APR 1 4 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

March 12, 2006

To: Clerk of the District Court of the
Honorable Kent A. Jordan

RE: The enclosed supporting paperwork to be used for my
Petition under 28 U.S.C. §2254 / CA No. 06-127 KAJ filed
w/ the Court 2006 Mar 13 PM 3:01

From: CHARLES FRANCIS CARDONE- SBI #098159

①

Dear Sirs:

In 1996, my wife of 18 years and the Mother of my now, 27 year
old twin sons, decided it was time to "call it quits"... since then I
have been dealing w/ the justice system down here in Georgetown, via
the public defender's office, and, since the end of 2004, a conflict/
court appointed / pool lawyer who is now a defendant in a recent 1983
action I have filed w/ the court (one of the defendants).

As an indigent / disabled defendant, allow me to state, facetus,
the majority of attorneys and judges of Sussex County wouldn't know
justice and due process if they tripped over them while walking
down the street... if jurisprudence was to bite them in their
arse they would think it was a swarm of mosquitoes and swat
them away. I could continue w/ an anecdotage, but, I will elect
to keep this notification to the Court short and, prayfully, absit

omen.

When, and if, you receive this paperwork, please acknowledge
receipt of some... allow me to explain: Since my transfer from
SCI to DCC in May of 2005, I have been, and continue, to be,
subject to retaliatory tactics by Delaware DOC and it's
agents. As evidenced by my several 1983s and recent filings
of Small Claims actions to recover monies ill-gotten by
DCC and its agents, I am being given "Hole Time", (Isolation),
medications being withheld under the guise of "we →

X In my letter to Peter, I wish this letter that legs is to be attached to my complaints and is to be regarded as supplemental papers which I feel are necessary to support my claim - - -

No Shep - 10-3-05

Shephardz : White v. State, 807 A.2d 579, 2002 WL 31127542 (Del. Supr.) 2002

: Fisher v. State, 829 A.2d 141, (Del. Supr. 2003 WL)

②

ran out," and, more recently, being "moved" to different parts of this prison... a week here, a week there, which in turn prohibits my law library paperwork catching up w/me.

As to the accompanying paperwork... please docket same to be used in support of my writ. I cannot provide all the transcripts as I have been refused copies, as evidenced by my enclosed requests.

It wasn't until my actual trial that I realized I was being framed, maliciously and in violations of my constitutional guarantees. I endured to make my desires known to the various courts, to the various judges, to the various ~~agents~~ agents which I have enclosed for the Court's considerations.

When I get moved, my personal property gets inventoried (— ransacked) so, each time I re-inventory my legal paperwork, I find more and more material "missing"...

Yes, I consider these allegations, charges, federal law suits (1983s) very serious, as I know the Court does, too.

I am in the process of mailing my son my legal work. Since my personal dealings (since 1996)

Con't →

IM CHARLES F. CARDONE
SBI# 098159 UNIT Bldg (1) C U 4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL
Mail

$ 04.20
0004900975    APR 13  2006
MAILED FROM ZIP CODE 19977

* Clerk of the Court *

U.S. District Court
844 N. King St., Lockbox 18
Wilmington
            DE
            19801

Pow. mia

TO: The Honorable Kent A. Jordan                                    April 12, 2006

RE: the ~~enclosed~~ enclosed supporting paperwork
      for 28 U.S.C § 2254 / CA No. 06-127 KAJ
                  filed 2006 Mar 13 PM 3:01


Sir:

 I have filed the above Habeas Corpus to object to my im-
prisonment and therefore I am seeking a review of my convict-
ion and/or sentence in federal court. I wish to ensure that I
am not being imprisoned in violation of our Constitution. I
have been denied relief pursuant to the enclosed order of my
direct appeal. (No. 397, 2005 Supreme Ct., Del.) My 2254 con-
tains issues that could have been raised at trial or in my direct
appeal, BUT those issues were denied me because of (1) Ineffective
assistance of Counsel (2) Prosecutorial Misconduct (the improper, un-
ethical and/or illegal behavior engaged in by the government in my
prosecution); (3) another basis for my habeas corpus actions (prosecutorial
misconduct) is Brady claims: (a) testimony by government witnesses that was
exculpatory, exculpatory testimony by my alleged victim... my court
appointed attny knew of this exculpatory testimony because I told him
prior to trial. When this exculpatory testimony was presented, illegally,
by the government, my attny would not object nor raise it as a
claim of error in my direct appeal. That is why I was, and am, so
adamant on being given whole and complete transcripts of all phases
of my case, from preliminary hearing, motion to withdraw hearing
(Callaway) Dec. 3, 2004, May 12, 2005 Motions to recuse the judge
(Graves) and produce pre-sentence reports, March 28, 05 trial, and lastly,
July 29, 05 sentencing hearing and Vop sentencing hearing. — I sin-
cerely believe the above violations and misconduct is serious enough to
warrant the granting of my writ of habeas corpus. Thank You,
                                                              Charles F. Cardone

client

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES CARDONE, | § | |
| | § | No. 397, 2005 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. I.D. No. 0409005091A |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 8, 2006
Decided: March 17, 2006

Before **HOLLAND**, **BERGER** and **RIDGELY**, Justices.

### O R D E R

This  17th  day of March, 2006, on consideration of the briefs of the parties,

it appears to the Court that:

1) Charles Cardone was convicted, following a jury trial, of aggravated

menacing, criminal trespass, and resisting arrest. The Superior Court also found that

Cardone violated probation with respect to prior convictions for assault third degree

and assault second degree. Cardone appeals from his sentence, arguing that the trial

court's refusal to give him a copy of his presentence report deprived him of due

process. We find no merit to this claim, and affirm.

2)    Prior to sentencing, Cardone's counsel asked for a copy of Cardone's presentence report in order to review its contents with his client. The Superior Court denied the request, noting the expense of making copies. The trial court observed that counsel could take notes or even copy the contents of the report by hand, if he wished. At sentencing, Cardone's mother and stepfather spoke on his behalf. In addition, Cardone engaged in a dialogue with the court about his prior convictions and his objection to the conclusions drawn by the psychologist who conducted a court-ordered evaluation of him. The court then sentenced Cardone to a total of 13 years at Level V, suspended after successful completion of the Greentree Program for Level IV, suspended after successful completion of the Crest Program for Level III probation.

3) Cardone argues on appeal that, by not being allowed to review a photocopy of the presentence report, he was deprived of a fair opportunity to comment on the information contained in that report. The presentence report includes police reports from prior arrests, and Cardone contends that the information in those police reports may not have been accurate. Cardone relies on *Moore v. State*[1] in arguing that he must be given a copy of the presentence report as a matter of fundamental fairness.

---

[1] 887 A.2d 466 (Del. 2005).

2

Alternatively, he cites *Shepard v. United States*,[2] and contends that the trial court improperly took judicial notice of the police reports, which were included in the presentence report, when imposing his sentence.

4) Cardone's authorities are inapposite. In *Moore*, the presentence report had been redacted, and the trial court apparently relied on some of the redacted information. This Court held that fundamental fairness requires that defendants be given an opportunity to explain or rebut uncorroborated information that the court relies upon in sentencing. Moore was deprived of that opportunity because neither he nor his attorney had ever seen the redacted information.[3] Here, by contrast, the entire presentence report was available to Cardone's attorney for as long as he needed. Thus, Cardone's ability to explain or rebut any uncorroborated information was not impaired.

5) The *Shepard* decision, likewise, is distinguishable. There, the United States Supreme Court held that a court may not rely on police reports to establish that a prior conviction satisfies the elements necessary to serve as a predicate felony for purposes of enhanced sentencing. Cardone was not given an enhanced sentence. Moreover,

---

[2]544 U.S. 13 (2005).

[3]*Moore v. State*, 887 A.2d at 469.

3

the trial court expressly stated that it was not relying on any charges that did not result in a conviction.

6) In sum, Cardone was given access to the presentence report, and a full opportunity to comment on that report in accordance with Superior Court Rule 32(c). There is nothing in this record to suggest that his not having a photocopy of that report hampered his ability to present any evidence or arguments to the trial court prior to sentencing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:

_Carolyn Seyer_
Justice

4

Nov. 1, 04

Prothonotary:

Please enter the

enclosed 48 b on

my docket.

Thank You,

Charles F. Cardone

SBI # 098159

FILED
PROTHONOTARY
SUSSEX COUNTY
2004 NOV -5  AM 8:48

*d*

IN THE _Superior_ COURT OF THE STATE OF DELAWARE
IN AND FOR _Sussex_ COUNTY

CHARLES F. CARDONE      ✳
                       ✳
      V.             ✳ _Case: 0409005091_
                       ✳
_Del. Super. Ct_       ✳
                       ✳

**MOTION FOR** _Dismissal of Charges_

**COMES NOW**, the Movant, _Charles F. Cardone_, pro se who

pursuant to _Super. Ct. Criminal Rule 48b_, moves this

Honorable Court to grant this motion. In support, the following facts are asserted;

1.) "Evidence obtained as a result of illegal arrest" - Jones V. State, Del. Supr., 745 A.2d 856 (1999)

2.) One inch (1") tool gadget is _not_ a deadly weapon - Johnson V. State, Del. Supr., 797 A.2d 1206 (2002)

✳ Therefore, the State has insufficient evidence to bring me before a jury of my peers.

*Cheech, I need you to do this for me.*



SCI-SBI #098159
PO Box 500
Georgetown, DE
19947
ASDA1

## OFFICE OF THE PROTHONOTARY
### STATE OF DELAWARE
### THE SUPERIOR COURT OF SUSSEX COUNTY

PROTHONOTARY

JURY        (302) 856-5740
CRIMINAL        856-5741
CIVIL        856-5742
ACCOUNTING        856-5744

TO:    Charles Cardone    *(See reverse for response)*

FROM:   Criminal Division ????

DATE:    11-19-04

RE:    Unacceptable Filings

*3 copies*
*Front & Back*

=================================================================

___1.   Enclosed please find the documents/information requested.

___2.   Transcripts for hearings should be requested from: Superior
       Court Reporters, P. O. Box 746, Georgetown, DE 19947.

___3.   Our records indicate you are represented by _____
       _____, Esq. Please send correspondence to
       your attorney.

___4.   This office is not able to perform a criminal record search.
       All requests should be forwarded to Department of Public
       Safety, Division of State Police, P. O. Box 430, Dover, DE
       19901.

___5.   Your document should be filed with the Prothonotary of Kent
       County, Court House, 38 The Green, Dover, DE 19901.

___6.   Your document should be filed with the Prothonotary of New
       Castle County, Daniel L. Herrmann Courthouse, 1020 King
       Street, Wilmington, DE 19801.

___7.   This document is being returned because our records do not
       indicate a case being filed in Superior Court.

___8.   If you wish to withdraw as a bondsperson, you must file a
       motion to withdraw. A copy of the motion must be filed with
       the Attorney General and the original must have a notation
       that it has been served on the Attorney General. The
       original motion must be noticed for a motion day. Motions
       days are every Fridays at 11:00 a.m. The defendant must be
       in court at the time the motion is to be heard.

Rejection Notice
Page 2

__9.    No requests or responses to discovery under Rule 16 may be
         accepted by this office.  Please file them with opposing
         counsel and simply file a Notice of Service with this office.

_10.    Notice of Service must be signed by counsel of record and
         have an original signature.

_11.    Please file the appropriate number of documents for each
         defendant.

_12.\   There is a $.30 per page copy fee for all documents.  Please
         resubmit your request with check or money order for _____.
         Checks should be made payable to "Prothonotary".

_13.    Please contact the attorney of record for discovery
         materials.

_14.    Please resubmit this document with the appropriate case I.D.
         number and the correct Criminal Action Numbers.

_15.    Certified copies are $6.00 for the first three (3) pages and
         $1.00 for each additional page thereafter.  Please submit a
         check or money order in the amount of _____.

X16.    Your motion must be noticed for a date certain.  Motions are
         heard every Friday at 11:00 a.m. Also, our records indicate that
         ~~you are represented by the Public Defenders office. Your motion~~
         ~~must be filed by your attorney of record~~

_I do not know what this garbage is all
about. I sent you, ~~and the~~ (served you) with
the Motion to Dismiss, as well as the DAG's office,
with a timely and dated certificate of service.
Again, docket the enclosed Motion to Dismiss and
having done so, send me my docket entry's
like a good little prothonotary._

                                        Charles Cardone

*Prothonotary*

IN THE _Superior_ COURT OF THE STATE OF DELAWARE

IN AND FOR _Sussex_ COUNTY

*10 copies*

CHARLES F. CARDONE ＊
＊
V.                          ＊  Case: 0409005091
＊
_Del. Super. Ct_            ＊
＊
＊

**MOTION FOR** _Dismissal of Charges_

**COMES NOW**, the Movant, _Charles F. Cardone_, pro se who

pursuant to _Super. Ct. Criminal Rule 48b_, moves this

Honorable Court to grant this motion. In support, the following facts are asserted;

1) "Evidence obtained as a result of illegal arrest"- Jones V. State, Del. Supr., 745 A.2d 856 (1999)

2) One inch (1") tool gadget is _not_ a deadly weapon - Johnson V. State, Del. Supr., 797 A.2d 1206 (2002)

＊ Therefore, the State has insufficient evidence to bring me before a jury of my peers.

*Nov 10, 04*

*β*

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

RICHARD F. STOKES
*JUDGE*

November 10, 2004

SUSSEX COUNTY COURTHOUSE
I THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

Charles Cardone
SBI: 00098159, Bldg. PT
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

      Re:   ***State of Delaware v. Charles Cardone***
              ID #0201021864

Dear Mr. Cardone:

      You were scheduled for a violation of probation hearing on the above case number on September 16, 2004. At that time, the Public Defender, James Nutter, Esquire, requested that the hearing be continued until your new charges in ID #0409005091 were disposed of.

      Case Review on your new charges is scheduled for November 15, 2004. When those new charges are disposed of, then your violation of probation hearing will be rescheduled.

                    Very truly yours,

                    Richard F. Stokes

DEC/

① Gibbs V. State, 760 A. 2d 541 (Del 2000)

② Sparks V. State, 755 A. 2d, 390 (Del 2000)

③ Add LT. G. R. Johnson to the 1983 list, the following day I told GR about Drugash's beating of me w/ c/o Hazel watching.

④ Davis V. State, 803 A. 2d 427 (Del. 2002)
Rules to read - Supreme - 25, 32-1, 33, 34, 35, 62, 64, 9, 8,

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:  302-854-5409

December 15, 2004

Charles F. Cardone
Rt. 6, Box 72A
Millsboro, Delaware   19966

Re:    State v. Charles F. Cardone
         ID#: 0409005091

Dear Mr. Cardone:

    Please be advised that I have been assigned to represent you in the Sussex County Superior Court with regard to the above captioned case. Upon receipt of this letter, please contact my office to schedule an appointment.   You may contact my assistant, Sharon, who will schedule an appointment to meet with me as soon as possible.

    I enclose herewith a copy of a Request for Discovery and a copy of a Request for Brady Material which have been filed in Superior Court

    I look forward to meeting with you to further discuss your case. Thank you for your time and attention to this matter.

                                            Sincerely,

                                            MICHAEL R. ABRAM

MRA/slw
Enclosures

* We met twice before my trial for a grand total of 20 minutes

* It is now November 6, 2005... We have spoken a total of 20 minutes face to face.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE                    :

v.                                   : C.A. NO.: 0409005091

CHARLES F. CARDONE                   :

## REQUEST FOR DISCOVERY
## PURSUANT TO CRIMINAL RULE 16

NOW COMES the Defendant, by and through his attorney and pursuant to Criminal Rule 16 requests the Attorney General to permit Defendant or someone acting on his behalf to inspect and copy or photograph the following:

1. Any relevant written or recorded statements made by the Defendant or a co-defendant (whether or not charged as a principal, accomplice or accessory in the same or in a separate proceeding), or copies thereof, within the possession, custody, or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the Attorney General; that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a state agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged. Furthermore, the substance of any other relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known by the Defendant to be a state agent if the State intends to use that statement at trial.

 2. The Defendant's prior criminal record. ⨘

3. Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the State, and which are material to the preparation of the Defendant's defense or are intended for use by the State as evidence in chief at the trial or were obtained from or belonged to the Defendant. *Surveillance tapes brought up at Pre-lim by Whitman*

4. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the State, and which are material to the preparation of the defense or are intended for use by the State as evidence in chief at the trial.

5. Any evidence which the State may present at trial under Rule 702, 703, or 705 of the Delaware Uniform Rules of Evidence.

6. Please take notice that the defense may attempt to prove that the Defendant consumed a sufficient quantity of alcohol after the time of actual driving and before any sampling to cause a person's alcohol concentration to exceed .10, pursuant to 21 Del. Code §4177 (b)(2).

7. The Defendant hereby demands the presence of forensic toxicologist, forensic chemist, state police forensic analytic co-chemist, and any person in the chain of custody as a witness in this proceeding.

8. If the items which are requested are not produced in the State's Response to Discovery and the State is taking the position that the Defendant must request a reasonable time and place or give further notice to the State of the request for discovery please take notice that the Defendant hereby specifies that all items requested must be produced at the Law Office of Edward C. Gill, P.A., 16 N. Bedford Street, P.O. Box 824,

Georgetown, DE, on the second Tuesday following the date of this discovery request at 4:00 p.m.

LAW OFFICE OF
EDWARD C. GILL, P.A.

Michael R. Abram, Esquire
Attorney for Defendant
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947
(302)854-5400

DATED: 12/16/04



ALL items requested in this discovery to be produced by Dec. 28

3 copies
10-13-05

Pg 108

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE           :

v.                          : C.A. NO.:  0409005091

CHARLES F. CARDONE          :

Not done for Clerk at 7:11
or
Royal Farms Store
Manager

## REQUEST FOR BRADY MATERIAL

NOW COMES  the Defendant, by and through his attorney,  and hereby requests that the State produce all "Brady" material specifically including but not limited to the following:

1.    Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the State including but not limited to relevant "rap sheets".

2.   Any and all records and information revealing prior misconduct or bad acts attributed to the witness, to specifically include but not limited to any arrests, police "contact" reports, whether such acts are incidents of moral turpitude or not.

3.   Any and all consideration or promises or consideration given to or on behalf of the witness or expected or hoped for by the witness.  By "consideration" Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness

Pg 2 of 6

or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect:   leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal    parole, probation pardon, clemency, civil, administrative, or other dispute with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from    forfeiture; payments of money, rewards or fees, witness fees an special witness fees, provision of food, clothing, shelter, transportation,  legal services or other benefits; placement in a "witness protection program", informant status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the State or against the defense or act as an inducement to testify or to color testimony.

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness,  criminal prosecutions,  *State threatened mom + Iggy because they did not wish to testify.* investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, *Melonie Withers did the threats along w/ Callowsey back in 2002* administrative, or other pending or potential legal disputes or transactions with the State or over which the State has real, apparent or perceived influence.

5. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body

or otherwise officially narrated in relation to the Defendants, the investigation, or the facts of this case.

6.    The existence and identification of each occasion on which each witness who was or in an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body. As to each occasion and witness, name the existence and identification of all statements, notes, tape recordings or other means of memorializing the substance of such witnesses' statements.

7.    Any and all other records and/or informations which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the State's evidence or which arguably could lead to such records or information.

8.    The same records and information requested in items I through 7 above with respect to each non-witness declarant whose statements are offered in evidence.

9.    Any information tending to show that other persons, excluding the accused, were involved in the crime.

10.    Any information that tends to show that the accused had consumed alcohol and/or drugs prior to the commission of the offense.

11.    Any information that any of the State's witnesses had consumed alcohol and/or drugs prior to witnessing the events that gave rise to their respective testimony.

12.   Any statements of witnesses which conflict either internally or with another statement of the same witness.

13.   Any polygraph tests taken and not passed which raise some doubt as to any State's witness or credibility.

14. Any psychiatric, psychological, or mental evaluations taken by a State's witness or any evidence of psychiatric, psychological or mental treatment of any State's witnesses.

15.   Any hypnosis given to any State's witness to assist that witness' memory for investigative or trial preparation purposes.

16.   Any internal documents or other evidence of any law enforcement official's misfeasance, malfeasance or negligence whether by acts of omission or commission, in the performances of his/her duties, concerning this specific case. *Abram did not bring this up*

17.   Any training guides, manuals or other similar materials which give information relative to an investigation or arrest which were not used in this particular arrest or investigation.

18.   In the case of any scientific evidence, textbooks, date, manuals, guides or other similar materials which suggest alternative methods to the one used. *Where in manual is punching me in the head part of Whitman's arrest procedure?*

19.   Any evidence of the periodic destruction of any evidence such as a police department retention policy.

*Illegal arrest*

*punching me in the head is not SOP.*

## CERTIFICATE OF DELIVERY

THIS IS TO CERTIFY that I caused to be delivered this Request for Brady Material, on this __16__ day of __December__, 2004 to the Department of Justice, 114 East Market Street, Georgetown, DE 19947.

LAW OFFICE OF
EDWARD C. GILL, P.A.

Michael R. Abram, Esquire
Attorney for Defendant
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:  302-854-5409

December 20, 2004

Charles F. Cardone
Rt. 6, Box 72A
Millsboro, Delaware   19966

*6 copies cfc (ae)*
*10-9-05*

*2 copies*

Re:    State v. Charles F. Cardone
       ID#: 0409005091

Dear Mr. Cardone:

        I am in receipt of your numerous letters that were recently sent by you. I will attempt to answer all of your concerns.

        First on the letter that you wrote on the back of Steve Callaway's letter to me concerning you, I have received a copy of discovery from Mr. Callaway. I will forward it on to you, if you feel that there are items missing in it, please inform me specifically what you would like me to request. I am currently making arrangements to send over a few blank CD's to get a copy of the store's surveillance tape. When I receive it I will attempt to figure out how we may view the tape together at SCI. *— NEYER DID. Saw tape at last CR, 3 court calander days before trial. No defense strategy*

        In response to your letter dated December 11, 2004, I am confused as to what you are suggesting regarding the law library at SCI. I do not know Diane Plummer and as such I have zero input as to who may or may not enter the law library. As for not needing enemies with friends like me, again, I do not understand what you are talking about.

        In regards to any § 1983 civil rights claim you wish to file, I am contractually not permitted by the State of Delaware to represent you for any other matter then the case I have been appointed to. If you wish to pursue this matter further you must retain an attorney that is not affiliated with the law firm I am associated with.

        At this point I have not filed any Motions on your behalf, because I have not had a chance to speak to you after I fully reviewed the file. As you should recall when I spoke to you at Superior Court I was just informed that morning that I was appointed to your case. As such I have just recently received discovery in your case and I have not had the opportunity to discuss with you which motions are appropriate to file.

6 copies of
10-9-05 (☒)

Pg 2 of 2
T 2copies
A/C

Mr. Charles Cardone
December 20, 2004
Page 2

With regard to your claims about previous issues with Steven
Callaway and Melanie Withers, while the background may be helpful in
determining the proper course to take in your case, I want to reiterate to
you that I do not represent you in accordance with any action regarding
your past conviction.

It does appear from what you have represented to me that a bond
review motion may result in the lowering of your bond. I am not, however,
positive about what your exact bond is at this point. I will obtain a copy of
the Pre-trial services report and file the appropriate motion with the court Never happened
in an attempt to have your bond lowered if it appears it is to high.

I have also received your letter dated December 13, 2004. In
response to your question as to how I became your attorney, the Court
appointed me. Apparently Mr. Callaway did not believe that he could
continue to represent you and asked the Court to be relieved of
representation of you. The Court deemed that it would be best that the
public defender's office not represent you, so he appointed the conflict
attorney's to represent you. I am a conflict attorney and you were
assigned to me. A conflict attorney is a private attorney that has a
contract with the State to be appointed as counsel for clients who cannot
be represented by the Public Defender's office.

Regarding any claims that you would like to make in Federal Court
and any appeals, as I mentioned previously, I am not permitted to
represent you for any other matter outside of the pending criminal action.

If you have any other questions, please do not hesitate to contact
me.

Sincerely,

Michael Abram

MRA/slw

I have filed a 1983 in District Court naming Callaway, Withers, Ranta Raper, et. al. for repeatedly violating my Federal Constitutional rights in the past and present, of my rights under Due Process ....

Pg 3 of 7

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | : | CR. A. #S04-09-0291 thru 0293, 0295, |
| | : | 0296 and S04-09-0741 |
| v. | : | |
| | : | |
| CHARLES F. CARDONE | : | ID#0409005091 |

### STATE'S RESPONSE TO THE DEFENDANT'S REQUEST FOR DISCOVERY

Pursuant to Superior Court Criminal Rule 16, the following information concerning the above captioned case is being supplied.

1. See attached police report for the substance of any statements by your client.

2. Enclosed is a copy of Defendant's known criminal history information as same is maintained in the Attorney General's Office Case Tracking System. Although this is the single best source of such data available within the State, I caution you that such information is occasionally incomplete or inaccurate. Therefore, I suggest that you discuss this matter with your client who should be in a position to correct erroneous data and to complete the information and record as needed. Further, I am available to discuss any discrepancies with you prior to trial. If certified records are necessary at trial they will be available then.

3. See attached. The State is in possession of three CDs, two of which contain 911 and dispatch information, and one which contains store surveillance footage of this incident. Please send three blank CDs for copying, or you may review these items by appointment. These and other items will be available for your inspection by appointment, and will be available for your inspection at trial.

Pg 4 of 7

4. None known.

5. None.

6. Not applicable.

7. Not applicable.

8. No response required.


**BRADY**

1. See attached SBI criminal records and NCIC records of Letez Hudson and

Wayne Abbott.

2. None known.

3. None. — *Witnesses were not supplied pursuant to informant status.*

4. None.

5. None.

6. Not applicable. — *no info supplied for any witnesses but Hudson + Abbott.*

7. None. — *Witnesses names were not supplied*

8. None.

9. None.

10. See attached police report, which indicates that defendant appeared to be

intoxicated.

11. None.

12. None.

13. None.

14. None.

Pg 5 of 7

15. None.

16. None.

17. Objected to. *why? nobody told me I was under arrest.*

18. Not applicable. *– why?*

19. Objected to. *why?*

20. None.

21. None.

22. None.

23. None. *– Tara Boyer admitted on the stand she did not see me urinate.*


**STATE'S RECIPROCAL DISCOVERY REQUEST:**

Pursuant to Superior Court Criminal Rule 16(b), please provide me with the

following:

1.    An opportunity to inspect and copy or photograph any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial.

2.    An opportunity to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

3.    Disclosure of any evidence the defendant may present at trial under Rules 702, 703 or 705 of the Delaware Uniform Rules of Evidence, including the identity of the witness and the substance of the opinions to be expressed.

Please be advised that your failure to respond will be presumed to mean that you have no materials discoverable under Rule 16(b) and that the State will rely upon that presumption.

Please call me if this response does not satisfy your request or to discuss a plea.

DATED:  December 23, 2004

Paula T. Ryan
Deputy Attorney General

*Law Office of Edward C. Gill, P.A.*

No

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:  302-854-5409

January 3, 2005

6
2 copies

Paula T. Ryan, Esquire
Department of Justice
114 East Market Street
Georgetown, Delaware   19947

Re:    State v. Charles F. Cardone
       ID#: 0409005091

*mike DID not raise during trial*

Dear Paula:

       My client has raised a very serious issue about his arrest which
occurred at the 7-11 in Rehoboth. He believes he was unjustly physically
harmed. Please advise as to whether you have obtained any copies of
videotapes from the 7-11, or if I will need to subpoena such evidence.
Also please advise as to when I will receive a copy of the surveillance CD
from Royal Farms.

       If you have any additional questions or concerns, please do not
hesitate to contact me.

*why is their only a copy of Royal Farms + no Copy of my arrest at 7-11?*

Sincerely,

MICHAEL R. ABRAM

MRA/slw

cc:   Charles Cardone

*Law Office of Edward C. Gill, P.A.*

No

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE: 302-854-5400
FAX: 302-854-5409

January 3, 2005

H   2 copies

Charles Cardone
SCI
P. O. Box 500
Georgetown, Delaware   19947

Re: Response to your letters

Dear Mr. Cardone:

I have received your voluminous correspondence in the last week
and I will do my best to reply to your questions. First, with regard to any
representation outside of the case I have been assigned to you,
specifically any civil suits against police and municipalities, I am not
permitted to represent you on those matters. As a court appointed
attorney, I am prohibited by law to represent you in any outside matter.
Please feel free to contact outside counsel for representation in any other
civil matter.

In response to your request for case law, I am not currently able to
fulfill your request at this time. I would recommend that you contact
another prisoner with access to the law library and ask them to obtain
copies of any case law you require. I assure you that I will do any and all
legal research that is necessary to prepare for your trial.

Regarding the law library at SCI, I am not in control of the law
library and therefore cannot force access for you to it. I do not know
Diane Plummer as I informed you when I first met you, yet I did inquire
as to why you are repeatedly being placed restricted in your access to the
law library and being placed in seclusion. I have been informed that
your inappropriate behavior is why you have been denied access, and
that SCI may take away privileges in response to that behavior. I cannot
force SCI to change its policy.

I have reviewed the motion to dismiss that you drafted and I
researched the case you cited which stated that a 1" gadget is not a
deadly weapon and I see nothing in that case which supports your
assertion. In fact under DE ST TI 11 § 222(5), a knife of any sort (other
than an ordinary pocketknife carried in a closed position) is considered a

$H^{(1)} 2 copies$

$N_0$

Charles Cardone
January 3, 2005
Page 2

*Manager*
*said it*
*was closed*

deadly weapon. Since the evidence in your case suggests that your knife was open, a motion to dismiss is premature.

In response to your letter about collect phone calls from SCI. Our office does not accept collect phone calls from SCI. Unfortunately, we can only communicate via correspondence.

I hope I have answered all of your questions in the correspondence that you have sent me.

Sincerely,

Michael R. Abram, Esquire

MRA/slw

During the trial, all the witnesses, other than Whitman, said the knife was closed... if it was closed, Abram should have put in a motion to dismiss

# Office of Disciplinary Counsel

SUPREME COURT OF THE STATE OF DELAWARE

*Pg 1 of 2*

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

**ANDREA L. ROCANELLI**
**Chief Counsel**

**MICHAEL S. McGINNISS**
**MARY SUSAN MUCH**
**PATRICIA BARTLEY SCHWARTZ**
Disciplinary Counsel

January 5, 2005

**CONFIDENTIAL**

Mr. Charles F. Cardone (#098159)
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

*6 copies - c/c*
*10-9-05 (as)*

### Re:   Disciplinary Complaint

Dear Mr. Cardone:

We received your letter, dated December 24, 2004, requesting forms to file a complaint against your public defender and the deputy attorney general prosecuting your criminal matter. Please complete and return the enclosed complaint forms, providing the specific details of your complaint.

For your general information, please be advised that this Office is not a court of law. Rather, this Office evaluates and investigates complaints that allege violations of the Delaware Lawyers' Rules of Professional Conduct. We have no authority to vacate a conviction, reduce a sentence, appoint counsel to represent a defendant or grant any other type of substantive relief. this Office cannot offer you legal advice, nor can we intervene in a criminal proceeding for any reason. We cannot take any action on your behalf in your criminal matter.

Please also be aware that this Office does not adjudicate a criminal defendant's claims of ineffective assistance of counsel or prosecutorial misconduct. Where a complaint filed with this Office relates to such allegations, it is usual for this Office to send the complaint to the criminal

6 copies -cf
(b)
10-9-05
Pg 2 of 2

Mr. Charles F. Cardone
January 5, 2005
Page Two

**CONFIDENTIAL**

defense attorney or the prosecuting attorney, as well as that attorney's supervisor, for appropriate
action. This Office does not conduct a disciplinary evaluation or investigation for such complaints
because this Office has no jurisdiction to affect a criminal matter. Pretrial and postconviction
remedies are available to the criminal defendant for that purpose.

Furthermore, this Office has no jurisdiction over members of the judiciary. Complaints
against judges should be directed to the agency listed below:

> Margaret L. Naylor, Esquire
> Court on the Judiciary
> Supreme Court of Delaware
> P.O. Box 369
> Georgetown, DE   19947

Sincerely,

Margot R. Millar

Margot R. Millar
Office Administrator

/mrm
Enclosure

*6 copies — cfc*
*10-9-05*
*Pg 1 of 1*



**M. JANE BRADY**
ATTORNEY GENERAL

## STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

**NEW CASTLE COUNTY**
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

**KENT COUNTY**
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

**SUSSEX COUNTY**
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-4698

January 5, 2005

**PLEASE REPLY TO :** SUSSEX COUNTY OFFICE

Michael R. Abram, Esquire
Law Office of Edward C. Gill, P.A.
16 North Bedford Street
P. O. Box 824
Georgetown, DE 19947

*I was not given the opportunity to listen to these tapes after I repeatedly asked MR Abron — cfc*

**Re: State v. Charles F. Cardone, I.D. No. 0409005091**
**Cr.A. Nos. S04-09-0291 thru 0293, 0295, 0296 and 0741**

Dear Mike:

Pursuant to your letter of December 21, 2004 and as a supplement to the Discovery Response, enclosed please find two CDs containing the 911 calls to Rehoboth Beach Police Department on September 6 and September 7, 2004. Pursuant to rules 803(6) and 902(11) of the Delaware Rules of Evidence, as amended January 2002, please be advised that the State will seek to introduce certain certified records from Rehoboth Beach (911 CD) at trial in the above-reference case, without the testimony of a custodian or other qualified witness

Additionally, the State is in possession of the September 7, 2004 surveillance video from Royal Farms. Please provide me with another CD and I will copy that for your review.

Very truly yours,

*Paula T. Ryan*

Paula T. Ryan
Deputy Attorney General

PTR:jlh
Enclosures
pc: Prothonotary

*Look up — Rules 80 3(6) + 90 2(11) Del*
*Rules of Evidence, amended Jan 2002*

COURT ON THE JUDICIARY OF THE STATE OF DELAWARE

MARGARET L. NAYLOR
*Clerk*

SUPREME COURT
34 THE CIRCLE
P.O. BOX 369
GEORGETOWN, DE 19947

February 16, 2005

Mr. Charles Cardone
SBI # 098159
Bldg. PT
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

CONFIDENTIAL

Re:    *State v. Cardone,*
       Def. ID No. 0409005091

Dear Mr. Cardone:

I am in receipt of your complaint dated January 23, 2005, against Superior Court Judge T. Henley Graves. Your complaint is not notarized. For this reason, I am returning your complaint.

The Court on the Judiciary receives complaints alleging judicial misconduct or disability that are filed against Delaware judges and commissioners. A complaint that is filed with the Court (i) must bear the complainant's original signature; (ii) set forth the complainant's address; (iii) name the judicial officer involved; (iv) allege with particularity the nature of the alleged misconduct or disability; and (v) **be executed by oath or affirmation** under penalty of perjury before a notary public. The Court does not consider a matter that is (i) frivolous, (ii) lacking in good faith, (iii) based upon a litigant's disagreement with the ruling of a judicial officer, or (iv) is properly a matter subject to appellate review. Ct. Jud. R. 5 (copy enclosed).

The Court on the Judiciary does not consider matters that are appropriate for appellate review. The Delaware Supreme Court has jurisdiction to receive appeals in criminal cases from the Superior Court. The appeal must be filed within thirty days of sentencing.

Very truly yours,

Enclosure(s)

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE: 302-854-5400
FAX:   302-854-5409

March 1, 2005

Charles Cardone
SCI
P. O. Box 500
Georgetown, Delaware   19947

*2 copies*

Re: State of Delaware v. Charles Cardone

Dear Mr. Cardone:

I have reviewed your correspondence dated February 22, 2005. Ms. Ryan has informed me that she is not in possession of any videotape which shows your arrest. I have also inquired at the 7-11 in question personally to ask if they have the tape and they informed me that they do not have a tape. I will however issue a formal subpoena to insure that if a tape exists, we get a copy of it.
*— Bullshit     where is it?*

I do believe however that you are overstating the significance of the arrest when it comes to your pending charges. While you are correct that any information that was unlawfully obtained from you should be suppressed by the court, it does not necessitate a full dismissal of the pending charges. The State can still proceed on the videotape from the Royal Farms as well as the testimony of the clerk at that store.

Congratulations on becoming a grandfather. Hopefully we can get you out soon to see your granddaughter.

Sincerely,

Michael R. Abram, Esquire

MRA/slw

Copy (2)        -1-        Mar. 2, 2005
                           3-PM - ~~Tuesday~~
                           Wednesday

TO: Michael R. Abram, Esq.

RE: State v. Cardone - ID# 0409005091

Sir:

I have just now signed for your en-
closed letter. I will send this letter along
with your letter to my people who will then
make copies to send you via certified with
return reciept requested, so I may have
proof of record I have requested of you to do
the following to support my assertion and
insistence that charges in the above numbered
case be dismissed (not nolle prosequi) but
dismissed on grounds I was severely beaten and
illegally arrested by PFC Robert T. Whitman,
Rehoboth Beach Police Dept. et al. In your
enclosed letter you again tell me 7-11 and
Ms Ryan are not in possession of any video-
tape which shows my arrest. I will now, for
the fourth time request you to subpoena the
clerk on duty at the 7-11 in Rehoboth Beach,
who was present at the time of my illegal arrest
at the time by Whitman. You stated to me at our
Mar. 1, 2005 meeting at SCI and now, according
to your enclosed letter, "I am overstating the

(2 copies)

-2-

2nd page of letter to
Michael Abram in re
State V. Cardone - ID# 0409005091

Mar-2, 2005
3 PM. ~~Friday~~ Wednesday

significance of the arrest when it comes to your
(my) pending charges." If, as you say, information
should be suppressed by the court, then yes, it
does necessitate a full dismissal of the pend-
ing charges.

I can not force you to effectively rep-
resent me in this case ... therefore, if I get
convicted without the supporting testimony of
the 7-11 clerk, perhaps that refusal to at least
speak with the above clerk may be used as one
basis for appeal.

Thank you for the congratulations on be-
coming a grandfather ... hopefully we can get
me out soon to see her without looking over my
shoulder to see probation clowns trying to
figure out ways to violate me.

Sincerely,

Charles F. Cardone

To: Ed Gill
      +
    Michael Abram 2-copy   (1)   E

RE: The day after <u>Front + Back</u> my Kangaroo   (11)
Court jury trial... <u>ID # 0409005091</u>

Sirs:

I am <u>not</u> a happy camper.
My court calendar allotted, 2 day
trial was a gross miscarriage of
justice made even worse by the
appearance of inexperience and inef-
fectiveness on the part of Mr. Abram.
Every one of the state's witnesses were
actually tripping and falling over —
themselves as to their recollections of
the incidences which led to the sub-
sequent illegal arrest of me by the
Rehoboth Beach Keystone Kopy Cops.
Not only did the state's witnesses
(Con't on pg 3)                    Con't →

E-(2)

*March 27, 2005*

Page 3 of Charles Cardone's
complaint to Ed Giel re Michael Abram's
assumed inexperience - ID# 0409005091

(11)

Allow me to 'vent' further: I have contacted
Margaret Naylor re T. Henley's mal-
feasance while wearing 'the robe' only to
be stonewalled temporarily.

As an after thought, I am now wondering
if Mr. Abram pre-judged me, therefore,
violating his professional responsibility to represent
me, vigorously, re my above thought?

E-(2)  2 copies

4 copies
10-13-05

Pg 1 of 1

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR SUSSEX COUNTY

THE STATE OF DELAWARE                    )

       VS.                               )          NOTICE OF NOLLE PROSEQUI

CHARLES F CARDONE                        )

01/13/1949

RECEIVED
APR   4 2005
BY:

AG Case Number – SC04001878

**A Nolle Prosequi is hereby entered on the charge of:**

0409005091 003                    IS04090293 * PDWBPP

*this PDWBPP is nolle pros AG*
*and*

FILED
PROTHONOTARY
SUSSEX COUNTY
2005 APR -1  PM 1:49

**against the above named defendant and the Prothonotary is
requested to note the same on record.**

REASON:  ( 83 )  NOLLE PROS AG

DATED      March 31, 2005

PAULA T RYAN
Deputy Attorney General

IN THE COURT ON THE JUDICIARY
OF THE STATE OF DELAWARE

IN RE: §
§        CONFIDENTIAL
THE HONORABLE T. HENLEY §
GRAVES, §        C.J. No. 6, 2005
§
a Judicial Officer. §

2005:

1.      April 6.      Notarized complaint dated 4/01/05 by Charles Cardone (docket sheet sent
                      to complainant on 4/6/05).

The Delaware Judges' Code of Judicial Conduct
Canons 1-7 : * Canon 1 : The Code may also
provide standards of conduct for application in pro-
ceedings pursuant to Article IV, Section 37 of the
Delaware Constitution ...... I feel Graves violated
Canons 1, 2, and 3 when I notified him in a Dec. 3,
2004 hearing re a Motion to Withdraw heard by
Graves, that 3 Sussex Correctional Officers, led
by Jonathon Baker, and witnessed by C/Os Floyd
and Chaffinch. I, also, have a witness who
saw Baker try to 'kill' me .... His name is
Jeffry KRAHN, an inmate who happened to
be with me in the latter part of Nov. 2004,
in ASDA in the MSB part of SCI ....

TO: T. HENLEY

April 12, 05    Pg 1

FILED PROTHONOTARY
SUSSEX COUNTY
2005 APR 13 PM 12:54

Sir:

Here it is, the 12 of April .... on March 28th I was found innocent on certain charges, guilty on certain charges, severance of certain charges and nolle prosequi on certain charges. My statement to you, raison d'etre of this letter, is "CMA" — covering my ass. I wish to appeal the jury from Mars' guilty verdicts per Rule 26 of the Supreme Court of the State of Delaware. I also wish to have 10 grand - children to make up a football squad. Which will I see first? the squad or Michael Abram, Esq., my attorney of record? According to the Return Receipt Requested in my possession, I am, as of this date, approx. 15 days later, quite concerned to Mr. Abram's refusal to

→

get back to me. He exited that courtroom

Pg 88

like a scalded dog, that day of trial, and I'm

wondering if he fell off the face of the earth, or

perhaps, he just doesn't want to show his face?

Hizzzonner set me up with Mr. Greenjeans,

would Hizzzonner wish to appoint another un

to represent me for my appeal? Well, its been

nice, let's do it again, sometime.... right now,

I need to find a quarter for the pay toilet. If

you'll excuse me?

Charles F. Cardone
SCI - revoking

my bail was another one of your brainstorms,

Thank you. You weren't much of a mouthpiece

when you were with Jim Fuqua, its been down -

hill, ever since. Let's keep in touch.

*Law Office of Edward C. Gill, P.A.*

Pg 1 of 1

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE: 302-854-5400
FAX: 302-854-5409

April 13, 2005

Charles Cardone
SCI
P. O. Box 500
Georgetown, Delaware   19947

6 copies
10-12-05

Re:  Your Letter Dated April 7, 2005

Dear Mr. Cardone:

I have reviewed the letter dated April 7, 2005 and this is my response to the issues raised in that letter.  First, you inquire as to why the State has issued a Nolle Prosequi on your remaining charge instead of a severance.  It is my understanding that the Court did in fact sever the charge.  After the trial, the State decided to Nolle Pros the other charge remaining against you.  The State does not need your permission to Nolle Pros this charge.  It is my belief that the State decided the conviction for aggravated menacing was sufficient and has decided that it does not need to pursue any other charges.

Regarding your request for an appeal to the Supreme Court, as I informed you at SCI, we cannot appeal the verdict until you have been sentenced in this case.  After the sentencing has taken place, we can file a Notice of Appeal.

U are not trustworthy (Abram)

I do not understand your request for a recording instrument at personal meetings.  If there is anything that you decide must be reiterated after a meeting please use correspondence, this is the easiest way to keep track of key issues.

As to your status as a level II probationer at the time of your arrest, we can inform the Court of this mistake at sentencing.

No, JT NEEDS address ing Now, before sentencing hearing

If you have any additional questions or concerns, please do not hesitate to contact me.  Thank you for your time and attention to this matter.

Gimme a break

Sincerely,

Michael R. Abram, Esquire

MRA/slw

3                    (Copy) + sent
                                    to Mike Abram
Dear Mr. Abram:                     on 4-13-05
    As per Offender Status Sheet
dated 9-8-04, I was then, as now,
on Level II probation, not Level III as Judy Goff
stipulates in your copy of Ms. Goff's notification
letter to me dated April 4, 2005. One week prior to
9-08-04, at my weekly visit to my Level III pro-
bation officer Matthew Gladding, Mr. Gladding ad-
vised me I had, at that time, been flowed down to
Level II probation (once-a-month) and that Pat Foy
would be my Level II probation officer. Also I have
in my records, a letter from Judge Stokes to me,
dated Nov. 10, 2004, stating that on Sept 16, 2004, James
Nutter, Esq. made his appearance on my behalf
requesting Judge Stokes for a continuance of my VOP
hearing of 9-16-04 until your (my) new charges in
ID # 0409005091 were disposed of. "In Stoke's letter
to me 11-10-04 it is cc to Prothonotary but, is
not docketed as per that CC. Please advise. The
point is: probationer's on Level II probation
shall not be sentenced for picking up new charges
until those new charges are adjudicated ... a VOP
bail/bond be set, but sentencing only after adjud-
ication... My (our) VOP hearing is scheduled at may
13, 2005, at 11 am at Groves' time of sentencing under
Case No. 0409005091, which at that time we shall
enter a notice of appeal per Rule 26 of Del Supreme
Court, therefore a request by us to continue that
VOP sentencing hearing until appeals (ours) are ex-
hausted must be entered and/or stipulated.
    It is, at this date, approx. 3 weeks since
my (our) convictions at jury trial. I am concerned
for your lack of communication to me as per

Rule 1.4 of the Delaware Lawyers Rules of Professional Conduct. Running into each other in the hallways of SCI just don't get it!

Please acknowledge .... I am concerned.

Respectfully,

Charles F. Cordone
SCI · SBI #098159
Bldg. PT-BM
PO Box 500
Georgetown, DE
19947

* this is an exact duplicate of letter I am now posting to Mike Abram

To: Michael Abram, Esq.    [Copy mailed to
                             Mike April 16, 05]

1.: ID # 0409005091 :CRA # 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 thru 0293
                      :ank  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 thru 0296
                      :and  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 Amended

Dear Mr. Abram:
        I wish for you to clarify your April 13, 05
response to my April 7, 2005 letter to you..... correct
me if I am wrong. I have your April 13, 2005 letter
here, in front of me. In your first response you say
"It is my (your) understanding that the Court did in fact
sever the charge," in response to my inquiry as to "why
the State has issued a Nolle Prosceque on your (my)
remaining charge instead of a severance".... then your
letter states "After the trial the State decides to
Nolle Pros the other charge remaining against you."
What other, remaining charge? Are you saying this...
   (1) I was found not guilty of count 1 - 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?
   (2) "    "    "    guilty of count 2 - 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?
   (3) Your (Abram) oral Motion to Sever (as per Peggy
       Cronic's memorandum to Mr. Abram and Paula
       Ryan) was granted by Judge Graves on March
28, 2005. At that time the court severed Count 3 of
the Indictment? Now, I have in front of me, a
Nolle Prosceque entered by Paula Ryan and filed
with Sussex County Prothonotary on April 1, 2005 at
1:49 P.m., the reason given (83) Nolle Pros AG.... So,
is Count 3 - PDWBPP a Nolle Pros or Severance? And
what is the difference? (I have been in the Behavior
Mod since April 2, 2005.... I now have in cell
access to Law Library - Evidently, Diane Plummer is
history - and the library allows the DDA - Behavior
Mod 2 hours, weekly, which as you know 2 hours is
inadequate. That is why I'm asking you for the distinction
between Nolle Pros and a Severance. Getting back to

4

the status of my remaining charges ... your charges in your appeal 13.05 letters to me it is my (your) belief that the state decides the conviction for agreement to unnecessary was insufficient (sufficient for will ???) and the decided that it does not need to pursue any other charges." Are you and the state saying I have only the apparatus remaining as a guilty conviction? If I also informed (me that) the direction, I think I'll get some time it evidence. But according to that some letter, you say "After the sentencing has taken phase, you file a Notice of Appeal." Sorry, seriously is going on. Therefore (✓) I am writing to you, once again to assure me Charles 7. Carlone that as per the Delaware lawyers Rules of Professional Conduct that you and your office are representing me as per the Preamble. Lawyers responsibilities section [1] thru [2] F effective July 1, 2003. At this time but me call that Mrs. Mother Mrs. Elizabeth DE Stefano the corner interest phone calls you have consistently refused to acknowledge, the same 88 years young woman that you (my) Mr. Abram spoke with at the luncheon I sat in on March 28, 2005 wishes to be heard and a character witness on my behalf on May 15 2005 the sentence date of your sentencing and probation (probation sentencing hearing. Yes I do have additional questions and concept and no I will not hesitate to contact you. Thank you for your time & attention to these matter. (Gimme a break).

Charles 7. Carlone

✗

3

Con't of letter by Charles J Carlone to his
attorney of record, Michael Abram, Esq., re
ID # 040900509/

— Furthermore, let me add that on Friday,
April 15, 2005, last night, I underwent yet another
beating by another SCI Correctional Officer
whose name is Corporal DRUGASH. This beat-
ing occured in front of the following
witnesses:
... 1. C/O HAZEL
... 2. C/o Corporal Morris
... 3. C/o Bowden
... 4. the nurse who usually brings me my
...... night time meds.... I do not know her
...... name.

The following day, I informed LT. G. R.
Johnson of this beating with C/O HAZEL at
his side. HAZEL denies any knowledge of the
incident. That some nurse denied me treatment
...after that beating the same night.

At, or on, Dec. 3, 2004 at my Motion to
Withdraw hearing asked for by my then
public defender E. Stephen Callaway, heard in
front of T. Henley Graves, I informed Graves,
in open court, of another beating of me
by another SCI Correctional Officer, Jonathan
Baker that took place in November of 2004.
At that time, Baker tried to kill me in front
of 2 C/O's (whose names I have) as witnesses
for Baker and my witness who is

willing to testify on my behalf that Baker did try to bill me ...

So, let me sum this up ... I have reported to you, Michael Abram, and Judge T. Henley Graves, 2 ... I repeat, TWO beatings that I Charles J. Cardone, have endured (Two Beatings) at the hands of 2 Sussex Correctional Insti-tution's Correctional Officers since November of 2004. As officers of the Court, neither you nor Graves have seen fit to conduct an

investigation to substantiate my accusations

re the above. Cfc- April 16, 05

To: Patricia Bartley Schwartz    (1)

RE: ODC File No. CO5-4-2
(Michael R. Abram, Esquire)

Dear Ms. Schwartz:

Thank you for your prompt response to my complaint. Let me say this..."Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct"...this is a quote from the comment section post Rule 8.4 Misconduct of the Delaware Lawyers' Rules of Professional Conduct. Allow me to quote further: Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. If and when my complaints against Mr. Abram, until such time those complaints are (to me) satisfactorily dealt with, then, and only then, will this matter be closed.

Sincerely,

Charles J. Cardone

* this is a true copy of my letter to Ms. Schwartz, written by me Charles Cardone and posted on the above date.

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

5-3-05

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:  302-854-5409

May 3, 2005

Charles Cardone
SCI
P. O. Box 500
Georgetown, Delaware   19947

Re: Replies to your letters       ✗   PDWBPP - Dismissed march 28, 05

Dear Mr. Cardone:

Re:  Reply to letters sent

Dear Mr. Cardone:

   I have received your correspondence, however I have not been able to respond in a more timely matter because I have been out of the office attending a seminar, and upon my return I had repeated full day hearings and the like to attend to in Court. I will attempt to respond to your questions.

GETZ

   Regarding the difference between a severance and a nolle pros. In your case, we severed the PDWBPP charge because it would inform the jury of your past criminal history. After the charge was severed, instead *Violated* of the State attempting to try you separately on the remaining charge, *my 6th Amendment* Paula Ryan decided that she would dismiss the charge. She did this *right to Jury trial* because of the jury verdict in your trial.

   I will request a continuance of your violation at your pending sentencing. However, I believe that since you have been convicted the judge will not continue the matter. — *Fooled you also*

   I must inform you, Mr. Cardone, that your repeated citation of the Delaware Rules of Professional Conduct as well as your personal insults directed to me and to Judge Graves about me are of great concern. On a professional level they will not, nor have they ever, caused me to give anything less then my best effort for your case. However, it is becoming clear to me that any appeal which you wish to file with the Supreme Court will allege that you received ineffective assistance of counsel. As

2   5-03-05

Charles Cardone
May 3, 2005
Page 2

such I will inform Judge Graves that a new attorney for your appeal should be appointed because I do not believe I will be effective in pointing out what you believe to be my shortcomings.

Regarding your sentencing, I believe it is imperative that your mother and step-father testify on your behalf at sentencing.  I will speak to you before sentencing to determine if there are any other witnesses you believe need to be present. ___Not Done

Sincerely,

MICHAEL R. ABRAM, ESQUIRE

MRA/slw

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
MARY SUSAN MUCH
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

May 10, 2005

CONFIDENTIAL

Michael R. Abram, Esquire
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947

**Re:    ODC File No. C05-4-2 (Michael R. Abram, Esquire)**

Dear Mr. Abram:

For your information, I have enclosed further correspondence received in this Office from Mr. Charles F. Cardone, dated April 19 and April 29, 2005. Please contact Mr. Cardone to discuss his concerns regarding your representation.

Pursuant to the authority of this Office under Rule 9(a) of the Delaware Lawyers' Rules of Disciplinary Procedure, **this matter remains closed**.

Sincerely,

Patricia Bartley Schwartz

PBS:mrm
Enclosure

cc:    Mr. Charles F. Cardone (w/o enc.)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE                    :

v.                                   : C.A. NO.: 0409005091

CHARLES F. CARDONE                   :

### NOTICE OF MOTION

TO:   Paula Ryan, Esquire
      Department of Justice
      114 E. Market Street
      Georgetown, Delaware   19947

       PLEASE TAKE NOTICE that the attached Motion to Release Pre-Sentence Report to Defendant shall be heard at a date and time convenient to the Court and counsel.

                              LAW OFFICE OF
                              EDWARD C. GILL, P.A.

                              Michael R. Abram, Esquire
                              Attorney for the Defendant
                              16 N. Bedford Street
                              P.O. Box 824
                              Georgetown, DE  19947

DATED: 5/10/05



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE                    :

v.                                   : C.A. NO.: 0409005091

CHARLES F. CARDONE                   :

## MOTION TO RELEASE PRE-SENTENCE REPORT TO DEFENDANT

NOW COMES, the above captioned defendant, Charles F. Cardone, and respectfully requests that the Court issue an Order requiring the release of the Pre-Sentence Report to the Defendant and in support thereof states:

1. That Defendant was convicted on March 28, 2005, of Aggravated Menacing, Criminal trespass, and Resisting Arrest.

2. That pursuant to the Order of the Court and DE ST TI 11 § 4331, and DE ST SUPER CT CR Rule 32, there was a Presentence Investigation done to assist the trial judge in sentencing the Defendant properly.

3. That the fruit of the investigation is a Pre-sentence Report that is filed with the court and is accessible to the State as well as to Defense Counsel.

4. That the Pre-sentence Report may not leave the Pre-sentence Investigation office without a court order.

TO: T. HENLEY

April 12, 05   Pg 1

FILED PROTHONOTARY
SUSSEX COUNTY
2005 APR 13 PM 12:54

Sir:

Here it is, the 12 of April .... on March 28th I was found innocent on certain charges, guilty on certain charges, severance of certain charges and nolle prosequi on certain charges. My statement to you, raison d'etre of this letter, is "CMA" — covering my ass. I wish to appeal the jury from mars' guilty verdicts per Rule 26 of the Supreme Court of the State of Delaware. I also wish to have 10 grand-children to make up a football squad. Which will I see first? the squad or Michael Abram, Esq., my attorney of record? According to the Return Receipt Requested in my possession, I am, as of this date, approx. 15 days later, quite concerned to Mr. Abram's refusal to

⟶



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE                    :

v.                                   : C.A. NO.: 0409005091

CHARLES F. CARDONE                   :

## **MOTION TO RELEASE PRE-SENTENCE REPORT TO DEFENDANT**

NOW COMES, the above captioned defendant, Charles F. Cardone, and respectfully requests that the Court issue an Order requiring the release of the Pre-Sentence Report to the Defendant and in support thereof states:

1.    That Defendant was convicted on March 28, 2005, of Aggravated Menacing, Criminal trespass, and Resisting Arrest.

2.    That pursuant to the Order of the Court and DE ST TI 11 § 4331, and DE ST SUPER CT CR Rule 32, there was a Presentence Investigation done to assist the trial judge in sentencing the Defendant properly.

3.    That the fruit of the investigation is a Pre-sentence Report that is filed with the court and is accessible to the State as well as to Defense Counsel.

4.    That the Pre-sentence Report may not leave the Pre-sentence Investigation office without a court order.

5.    That because the report may not leave the Pre-sentence
      Office, the Defendant, who is incarcerated, may not view the
      report.

6.    That under DE ST SUPER CT CR Rule 32(a)(1)(A) the court must
      let Defense Counsel review the report prior to sentencing, or
      the Defendant if he is appearing Pro Se before the court. This
      rule does not specifically refuse the defendant the right to
      view the Pre-sentence Report, however the practice of the
      Pre-sentence Office in Sussex County precludes that possibility
      in the case at bar.

7.    That the Defendant has much better knowledge of the past
      incidents that are mentioned in the Pre-sentence Report then
      Defense Counsel who has no personal knowledge of these
      events because he did not represent the Defendant at these
      prior proceedings.

8.    That under recent United States Supreme Court rulings the
      Defendant has a right to refute facts that may be used by the
      trial judge to enhance his sentence, (Blakely v. Washington,
      124 S.Ct. 2531 (June 24, 2004), US v. Booker, 125 S.Ct. 738 (Jan
      12, 2005)). On appeal, cite - No → US v. Booker, 543 U.S. ___
                                   2005 U.S. LExis 628 (2005

U.S. v. Green, 2004 U.S. Dist. Lexis 11292 *3 (D. Mass June 18 2004)
the holding in Blakely is the Supreme's Court's attempt to pro-
tect against the government's manipulation of the Guidelines
by refocusing the courts on an accused's Sixth Amendment
     right to a jury trial.

9.    That denying the Defendant the opportunity to review the

Pre-sentence Report violates his rights per the United States and Delaware Constitutions. - *Recent U.S. Supreme Court decisions previously cited in #8*

WHEREFORE, the Defendant respectfully requests that the Court

issue an order requiring the release of a copy of the Pre-sentence Report

to Defense counsel in order for the Defendant to review the report prior to

sentencing.

LAW OFFICE OF
EDWARD C. GILL, P.A.

MICHAEL R. ABRAM, ESQUIRE
16 North Bedford Street
P. O. Box 824
Georgetown, DE 19947
(302) 854-5400
Attorney for Defendant

DATED: 5/10/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE                              :

v.                                             : C.A. NO.: 0409005091

CHARLES F. CARDONE                             :

## ORDER

IT HAVING COME TO BE CONSIDERED this _____ day of

_____, 2005;

IT IS HEREBY ORDERED that the Pre-Sentence Report shall be

released to counsel for the Defendant.

_____
THE HONORABLE    T. HENLEY GRAVES

## CERTIFICATE OF DELIVERY

THIS is to certify that I caused to be delivered, a true and correct

copy of the within Motion to Release Pre-Sentence Report to the

Defendant this _/6_ day of _May_ 2005.

To:    Paula Ryan, Esquire
       Department of Justice
       114 E. Market Street
       Georgetown, Delaware    19947

MICHAEL R. ABRAM, ESQUIRE

CC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

6 copies of
10-09-05
Pg 1 of 8

STATE OF DELAWARE                    :

v.                                   : C.A. NO.: 0409005091

CHARLES F. CARDONE                   :

## NOTICE OF MOTION

TO:    Paula Ryan, Esquire
       Department of Justice
       114 E. Market Street
       Georgetown, Delaware    19947

       PLEASE TAKE NOTICE that the attached Motion for Recusal shall be

heard at a date and time convenient to the Court and counsel.

                            LAW OFFICE OF
                            EDWARD C. GILL, P.A.

                            Michael R. Abram, Esquire
                            Attorney for the Defendant
                            16 N. Bedford Street
                            P.O. Box 824
                            Georgetown, DE 19947

DATED:  5/10/05

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

Pg 2 of 5

STATE OF DELAWARE                    :

v.                                   : C.A. NO.: 0409005091

CHARLES F. CARDONE                   :

## MOTION FOR RECUSAL

NOW COMES, the above captioned defendant, Charles F. Cardone, and respectfully requests that The Honorable T. Henley Graves recuse himself from the above captioned proceedings and in support thereof states the following:

1.  The Honorable T. Henley Graves presided over the trial of the defendant March 28, 2005.

2.  Under Del. Judges' Code Jud. Conduct Canon 3(c)(1) "A *wrong* 3(A)(1) judge should be unswayed by partisan interests, public clamor, or fear of criticism." *I would have cited violations of other canons*

3.  The Defendant in this case, Charles Cardone has registered a formal complaint with the Supreme Court against The Honorable T. Henley Graves with regard to how he handled the appointment of present counsel (See Exhibit "A" attached hereto). *No - I filed a complaint because he did absolutely nothing about my beating by Baker*

4.  The Defendant has also written letters to The Honorable T. Henley Graves in which he has directly called into question

the competency of this judge. (See Exhibit "B" attached

hereto).

5.    Due to these communications the Defendant believes that

Judge Graves may have difficulty sentencing Mr. Cardone

without being swayed by partisan interests.

Wherefore the Defendant respectfully requests that the Honorable

T. Henley Graves recuse himself in this matter and allow sentencing to

proceed before another Judge of the Superior Court.

LAW OFFICE OF
EDWARD C. GILL, P.A.

MICHAEL R. ABRAM, ESQUIRE
16 North Bedford Street
P. O. Box 824
Georgetown, DE 19947
(302) 854-5400
Attorney for Defendant

DATED: 5/10/05

## CERTIFICATE OF DELIVERY

THIS is to certify that I caused to be delivered, a true and correct

copy of the within Motion for Recusal this _10_ day of _May_

2005.

To:    Paula Ryan, Esquire
       Department of Justice
       114 E. Market Street
       Georgetown, Delaware    19947



MICHAEL R. ABRAM, ESQUIRE

$D$ - 2copies                    Jan. 23, 05

Front + back                              (Notary)      $pg 5 of 8$

To: Margaret L. Naylor, Esquire

COURT ON THE JUDICIARY
RECEIVED and FILED
FEB 16 2005

I wish to file a formal com-
plaint with your agency directed toward
Henley Graves.

On December 3, 2004, I was trans-
ported to the Superior Court in George-
town from this prison where I am housed
in Pre-trial building awaiting a February
14, 2005 trial. That Dec. 3 hearing was
in front of T. Henley Graves for a motion
to Withdraw filed by my then Public
Defender E. Stephen Callaway initiated by
me so I may be represented by a court
appointed conflict attorney. Callaway's
Motion was granted and Michael Abram
of Ed Gill's office was selected to rep-
resent me. At the onset of that Dec. 3
hearing I advised Judge Graves that I
was recovering from a terrible beating at
the hands of 3 Sussex Correctional In-
stitution's correctional officers, that had
happened approp. 1 week prior to my
appearance in front of Graves. When
a transcript of that motion to withdraw
hearing is obtained or reviewed by you, you
will then see that Grave's response to
me advising him (Graves) I was beaten was
"you (me) don't look to worse for wear,"
and the hearing was conducted to it's
completion. I now feel his response and
Grave's lack of concern as an officer of

Con't →

the court merits and demands an investigation by Grave's ~~actions~~ by your agency.
Yes, this letter to you is a complaint over a member of the judiciary, Judge T. Henley Graves. This complaint is directed to you and your agency.

Margaret L. Naylor, Esquire

D-(1)
copies (2)

Court on the Judiciary

Supreme Court of Delaware

P O Box 369

Georgetown, DE 19947

4-1-05ot

- by me -

Charles Z. Cardone ~~3-31-0~~
Charles F. Cardone

* I attest that the signature presented Valid identification verifying his identity and I did witness their signing of this document.

SCI-SBI #098159

Bldg PT

PO Box 500

Georgetown, DE
19947

Sworn to and subscribed before me on the date,

Respectfully

Donna S. Duhrman 4-1-05

DONNA G. FUHRMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires September 4, 2005

*15°2*

*6 copies*
*10-12-05*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

STATE OF DELAWARE              :    Case No. 0201021864
                              :    Cr.A. No. 02-02-0391, 0394
        v.                    :
                              :    Case No. 0409005091A
CHARLES F. CARDONE            :    Cr.A. No. 04-09-0292, 0296, 0741    *JEC*
SBI: 00098159                 :    *Gibbs v. State, 760 A.2d 54 (2000)*
DOB: 01/13/1949               :    *Sparks v. State, 755 A.2d 390*
                                   *(Del 2000)*

**ORDER**

NOW THIS 16TH DAY OF MAY, 2005, IT IS THE ORDER OF THE COURT THAT:

WHEREAS, defendant was before the Court on May 12, 2005, for sentencing on a new conviction of aggravated menacing, resisting arrest, and criminal trespass third degree, and sentencing on a violation of probation for prior convictions of assault in the second degree ( a lesser included offense of attempted murder in the first degree) and assault third degree (a lesser included offense of assault of a person older than 62), and

WHEREAS, the presentence investigation prepared by the Investigative Services Office for sentencing in this matter was limited due to the defendant's uncooperative behavior in assisting that office in preparing the report.

THEREFORE, because the prior convictions in the violation of probation matter as well as the new convictions are of a violent nature,

IT IS HEREBY ORDERED that the defendant shall be transported by the Department of Correction to the Delaware Psychiatric Center for a psychological examination for the purpose of assisting the Court in sentencing in this matter. – *PST*

FURTHER, any information that the authorities at Delaware Psychiatric Center may need to assist them with this psychological evaluation shall be provided by State and Defense counsel.

FURTHER, the report and recommendation shall be forwarded to the Court upon completion, and the defendant shall be scheduled for sentencing on **Friday, July 29, 2005, at 11:00 a.m.**

IT IS SO ORDERED.

_____
T. Henley Graves, Judge

oc:    Prothonotary
cc:    SCI Records Department (via fax and state mail)
       Dianne Stachowski, DPC (via fax and state mail)
       Michael Abram, Esquire (via fax and interoffice mail)
       Paula Ryan, Esquire, Department of Justice (via fax and interoffice mail)
       Charles Cardone (via fax and state mail)
       Matthew Gladding, P&P

Hello Mike;

* Did our Motion for Recusal of Graves get granted, or not? Did our Motion to Release Pre-sentence report get granted or was it nixxed? RSVP... Allow me to correct #3 of the supporting facts re Motion for Recusal -

(1) My complaint to the Supreme court concerns T. Henley, as an officer of the court, .... he did not deem it (the mere fact that I told him in court) necessary to warrant his (Graves) ordering an immediate investigation to my allegation of attempted murder on me by C/O Jonathan Baker.

(2) Not only is Graves competency to continue in his role as judge in my situation, is IN question, I am also stating that Judge Richard Stokes and @ judge Bradley (Scott) have screwed me in situations in front of them ... situati- I can verify but chose not to at this particular time. Their recusal is imperative, also.

* Now, as to our Motion for release of senten- pre-tence report, or any other materials or informations that judge will use to determine proper sentencing of me ... You then state, in supporting statement #1; that I was convicted on Menacing, Criminal Trespass 3rd and Resisting arrest, which contradicts your statement to me in a letter that "the State dismissed the remaining charges, that they had enough to work with re the guilty verdict of

the jury... As to statement #6 of _Motion to_

_release information_ .... My right to review infor-

mation is not attributed, nor it based on the

statement "if he (me) is appearing Pro Se before

the court. Furthermore, the _ambiguity_ of

De St Super Ct CR Rule 32 (a)(1)(A) is

attributed to the writer(s) of _that rule_, therefore,

I am guaranteed _relief_ because of that

ambiguity, correct, n'est ce pas?

Other than the above and the afore, thank

you for filing those 2 motions.

* _Motion for Recusal_ | Please advise,

rike's supporting statement | Respectfully,
2 is in error.... it is _Del._
Judges' Conduct Canon | Charles F Cardone

3(A)(1) Not 3(c)(1) | * Get Frank to make copies
& newspaper, etc

As to statement 5.... "Due to these communications the
Defendant, Charles F. Cardone, believes that Judge Graves
may have difficulty sentencing Mr. Cardone without being
swayed by partisan interests and because Judge Graves
has proven his incompetence or malfeasance by continu-
ually violating canons of the Del. Judges Code ...
How many other of his sentenced convicts has he destroyed?

To: Superior Court Judge
    T. Henley Graves

May 17, 05
Tuesday, 11 am

⑨

*Copies have been made.
   mailed to T. Henley...
   not sure of date

Sir:,

   this letter is intended for your eyes only, unless
of course, you need to reveal it for judicial purposes,
(I'm not sure if judicial purposes is the correct usage,
but, I'm sure you know what I mean to relay a
condition of release). I will attempt to keep this
letter short, concise, and to the matter at hand, which
is, of course, an attempt by me to give His Honor
an abbreviated "look" into me, Charles F. Cardone.
Where shall I begin ..... let me begin with my 2nd
wife, the mother of our twin sons (age 25) Frank and James
and the fact that she (Therese, my 2nd wife) decided she
did not wish to live together w/ me as husband and wife.
We were together approximately 17 years, up to the time
my drinking was as the straw that broke the camel's
back. She caused + called the law on me because
I "caused her to fall down". That was the exact wording
on the arrest warrant for Offensive Touching that was
'heard' in Family Court where Jack Hyde represented
me in between his cat naps during the actual
hearing. My 2 sons were witnesses to my x-wife's
"caused to fall down" which James, who decided to support
his Mother in order to keep a roof over his head, and Frank,
who refuted that statement in support of his Father, me.
James was allowed to take the stand, Frank was not....
Mr Hyde did absolutely nothing to try and get Frank
on the witness stand in my behalf. Mr. Hyde
was too busy snoozing to even try. this was in 96 or
97', I'm not even sure ... after my conviction given
time served, etc, I stayed drunk for 1 year, being
allowed to stay at my mom's house along with

⟶

8 pound sledge hammer he was coming at me with in the kitchen of their trailer. You probably don't know about that because Mr. Callaway told me he couldn't search their premises for the hammer because "he and his PD office were not the police"... now, people ignorant of Delaware Criminal law say there is no "defense claim" or in Delaware. In 1999 New Castle State Police charge me with 2nd° Assault because I cut someone (of the six patrons of the bar-maid who attacked me in the bar because I made a lewd remark to that barmaid). That was in the old 'union bar' on Maryland Ave. up at 5 points in the Richardson Park area, across from the Ashley Mansion. It took me 10 months, at the end of that time, Gander transported me to the old Court House across from Rodney Squrne for trial. During that 10 months I filed my own stuff because Robert Carey, my PD never once visited me in Gander except 3 days before my trial. I did not even have to go upstairs to the Court room ... the guard come to the holding cell and told me "your (my) shit had been dropped. Gander transported me down here to see you only to have you say "Violation dismissed. IT then took Gander 34 days to release me which Kent Jordan dismissed my claim of illegal incarnation. Getting back to stabbing my mom's

Continuation of my letter
to Graves :

May 17, 2005

(9)

husband.... Callaway and his gang pushed a dim cap
defense on me but & the shrinks couldn't find
anything wrong with me. The state spent 500.00
for a head doc to come from People's Place in
Milford for 1½ hrs to test me, then the state
transported me to the New Court House on 5 + King
to, then transport me to Delaware State Hospital
(I believe it was in the new Mitchell Building)
for a good looking blonde shrink to orally test
me-I passed that, too, evidently. Bottom line I
took the 2 years-mandy for stabbing Iggy because
I was too drunk to figure out another way (at the
time) to disarm him. While he forced me back
into the kitchen, knives were available to me
So, the rest is history. On my new charge in Rehoboth
in September, 04, I have you and the State & Rehoboth
PD are attempting to railroad back into prison. I
am needed more as a caregiver and caretaker of
my 88 years young Mother and her 85 year old
husband who has been gracious enough to allow
me back into their household. What is wrong w/
the picture you and Paula are trying to paint
of me, in and out of your courtroom? You
cop heads can't and/or won't see the forest for the
trees, your cop head trees... y'all are loading these
jail houses so fast, they can't be built and
manned fast enough. The VA system has medicated
me, treated me, housed me since 69 when I came
back from Viet Nam and they will continue to do
so because I allow them to look after me. May
be you and the State see dollar signs when
you look at me, perhaps that is what yo why

4

you are trying to paint your own picture of me
to keep me in your system so me and people
like me will help support your ridulous
salaries. You do what you gotta do, & I will
do what I gotta do either way, I will see
you and your kind in the fires of hell where
we belong.

Charles R Carlton

May 18, 05

TO: Patricia Bartley Schwartz

*mailed to
Pat on this date

copy

From: Charles Z. Cardone

RE: ODC File No. C05-4-2 (Abram)

Yo,
 you will have to forgive my handwriting,
I'm getting the results of a beating I went thru
by 2 SCI guards... Suesanne Rickards
and Doc Burns minions who refuse to treat
the cuts, knots on my head, pains in my chest
and back area. Bear with me Ms Schwartz.
This is another enclosure y'all can send to Abram
for him to get up with me. When this mess is
concluded y'all are going to reimburse me 4
these costs of contacting y'all. It'd be a lot
simpler if y'all would accept my phone calls.
Oh, well what the hey. Not only does Abram get
in touch w/ me, nor does Margaret Naylor...
my last contact w/ her was when she was good
enough to send me my docket sheet of
April 6 noting the file #

C.J. No. 6, 2005

Does your Office, under Rule 9(a) of the Del

Lawyers' Rules of Disciplinary Procedure still

saying this matter remains closed? Please

advise me so I may attempt to go to the
next step, phase, whatever you call it.

*yeah, I'm still here
   at SCI

Sincerely,
Charles Z. Cardone

To: Patricia Bartley Schwartz          May 20, 06 (2)

RE: ODC File No. C05-4-2 (Michael Abram)

Dear Madame:

I am in possession of a letter from Mr. Abram dated May 18, 2005, to me, Charles F. Cardone, Mr. Abram's client, in which Mr. Abram states, unequivocally, that he has been in communication with the trial court judge, Graves, and other officers of the court without my knowledge and without my (Cardone) being present during those communications which are, in turn, violations of Mr. Abram's Rules of Professional Conduct. My question to you:
Do you now see cause to invoke Rule 1(c) of the Delaware Lawyers' Rules of Disciplinary Procedure?

                    Please advise...          Respectfully,

                                              Charles F. Cardone

          copy & keep for records - cfc

          cc  Mr. Abram                  mailed on 5-22-05

TO: Michael Abram

May 20, 05
Fri evening

From: Charles F. Cardone

copy

RE: Case No. 0201021864
Cr. A. No. 0202-0391, 0394

mailed to Duke
5.22-05

Case No. 0409005091 A
Cr. A - No. 04-09-0292, 0296, 0741

✳ 6 copies - 10-9-05 ✳

Mr. Abram:
I have presented the above Case #'s + Cr-A. #'s
to you at the beginning of this letter to you... to let you
know these #'s are in error. The above #'s are mis-
takenly cited from Grave's Order of the Court of the
16th Day of May, 2005. I say these #'s are in error
because of Peggy Cronic's Memorandum to us dated
March 28, 2005, which states - "All future filings in
Superior Court are to Be Filed Under

Case # 0409005091 A
Cr. A. # - 04-09-0291-0292 + 04-09-0295-0296 + 04-09-
0741

Case # 0409005091 B
Cr. A. # - 04-09-0293
✳ May I quote: "Failure to use the correct identif-
numbers may result in the Document Being Returned
to you for Correction." these No.'s do not jive, therefore,
someone needs to get their heads out of their asses and
correct what needs correction. If I don't ⟶

take care of this bullshit, I got no one to turn to except myself... I do not see you, Mr. Abram, vigorously defending me and looking out for my best interests in our case since your introductory letter of a few months ago. As to Grave's May 16, 2005, Order of the Court, his final "Further" states "the report and recommendation shall be forwarded to the Court upon completion, and the defendant shall be scheduled for sentencing on Friday, July 29, 2005, at 11:00 a.m. He, Graves, is again violating Rule 32 of the Federal Rules of Criminal Procedure as recently amended by Congress which provides that the defendant (Cardona) must be provided a copy of his (my) Pre-Sentence Investigation Report (PSI) not less than 35 days before the sentencing hearing. There is provision in Rule 32; however, that for good cause shown the Court may allow objections to be raised at any time prior to imposing sentence — even after the 14 day objection period, has passed. Capece? the documents I have used to cite these errors and Judicial goofs and violations are in my and my family possession.

* Yeah, I'm busy, too...

cc records (mine) Keep 4 records

Pg 2 of 2

May 20, 05
letter to Abram
from me, Cardona
LEGAL
WORK

To: Michael Abram

(10)

From: Charles F. Cardona

    ID# 0409005091.A + 0409005091B    (Copy) + Post

Sir:

    You have stated to me via written letter that

Graves has denied our 2 Motions before his court...

Graves has denied our Motion to Release Pre Sentence
Report to Defendant (me, Cardona) and, also, our Motion
for Recusal of Graves... in your supporting statements
for Graves' recusal, you (Abram) state "the defendant...
with regard to how he handled the appointment of
present counsel"..... the afore is your supporting state
ment # 3 (three). If you, Mr. Abram, will re-look
at Exhibit A attached, the one of several supporting
statements of Exhibit A is Grave's refusal, as an
officer of the Court (his) to order an investigation to
my (Cardona) statements to Graves alleging the "terrible
beating at the hands of 3 Sussex Correctional Institution's
correctional officers".... if Grave's smart ass answer
to me, in open court, does not show incompetence and mal-
feasance and a strong showing of support for Graves,
himself, to recuse himself for violations of the Del -
aware Judges' Code of Judicial Conduct, then I
have some ocean front property for sale, in Califor-
nia, that he (Graves) would love to buy. Not with -
standing the exhibits you attached to this motion for
recusal, a transcript of that Dec. 3, 2004, Motion to
Withdraw by Callaway will prove my allegation that
Graves said "I didn't look to worse for wear" when
I advised him about the beating. I am, therefore, asking
you to request that transcript to be used by you

to resubmit an appeal re Grant's denial to
his recusal. Please advise ..... OK, onward and upward
to the denial of our Motion to Release ..... in supporting
statement #6 you state "however the practice of the Pre-
sentence ..... whatever Sussex County's practice here
anything to do with my rights under recent U.S. Supreme
Court ruling - that the defendant (Cardona) has a right
to view all material that the sentencing judge (Grams)
or any other judge, that may use there material to
impose sentencing on Cardona/the defendant"? As to
statement of support #1, I thought we agreed, as did
Paula Ryan, that the state was satisfied w/a
[aggravated] pleading conviction and that the "remaining"
charges went by the wayside? So, in our appeal to
Grant's second denial of our Motion to Release .....
we rewrites statement #1 ..... omit "the Pre-sentence
office in Sussex County's practice" and also to
correct #8 by citing U.S. v Booker, 543 U.S. ---, 2005
U.S. LEXIS 628 (2005)

and its companion case U.S. v Fan Fan
next U.S. v Booker, 125 S. Ct. 738 (Jan. 12, 2005)
unless you know something I don't know about
the citing of Booker? Please advise .....

I still expect Grant's denial        Cardona
to be forwarded to me for my
personal record of this travesty of Grant, etc.

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE: 302-854-5400
FAX: 302-854-5409

May 25, 2005

Charles Cardone
SCI
P. O. Box 500
Georgetown, Delaware  19947

Re:    State of Delaware v. Charles Cardone

Dear Charles:

I have received your letter dated May 19, 2005 questioning the proceedings on your previously scheduled sentencing date. I will do my best to answer the questions you raise in your letter.

Regarding your request to view the denial of the motions that were presented to Judge Graves, it is not possible at this time. Judge Graves ruled from the bench regarding these motions and did not issue a written reasoning. As there is no written denial, I cannot show them to you.

As to the potential continuance that did not happen, my secretary informed me that she had spoken to the scheduling clerk at the Superior Court who had informed her that the matter was continued. There is nothing in the rules that state a defendant must be present when a continuance is granted. In fact that would be contrary to the purpose of a continuance which is to not bring in people when it is not necessary.

The maximum allowable time that Judge Graves was going to sentence you to would have been all of your suspended sentence from probation as well as the maximum time possible for your new charges. You are correct that he ordered a PSI but he has it in hand so he did not need to wait for it to sentence you.

As for the third page of your letter I have no idea what you want me to answer. I understand you do not like the preliminary questions that the officer asked you and because of it you refused to participate in the rest of the interview. So no you do not make yourself clear. You needed to participate, just like you need to participate in the psychiatric

evaluation that is coming up, even if it means answering questions you
believe that they can answer on there own.

Charles Cardone
May 25, 2005
Page 2

If you have any additional questions or concerns, please do not
hesitate to contact me. Thank you for your time and attention to this
matter.

Sincerely,

Michael R. Abram, Esquire

MRA/slw

*MAY 31, 05*

IN THE COURT ON THE JUDICIARY
OF THE STATE OF DELAWARE

IN RE:                          §
                                §    C. J. No. 6, 2005
THE HONORABLE T. HENLEY         §
GRAVES,                         §    **C O N F I D E N T I A L**
                                §
a Judicial Officer.             §

COURT ON THE JUDICIARY
RECEIVED and FILED

MAY 3 2005

**O R D E R**

This 31st day of May 2005, it appears that:

(1)     Mr. Charles Cardone (Complainant) has filed a complaint against

Resident Judge T. Henley Graves of the Superior Court (complaint attached as

Exhibit A). The complaint is subject to dismissal, *sua sponte*, pursuant to Rule

5(b) of the Rules of the Court on the Judiciary.[1]

(2)     On March 28, 2005, Resident Judge Graves presided over the

Complainant's jury trial. At the conclusion of the trial, the jury convicted the

Complainant of Aggravated Menacing, Resisting Arrest and Criminal Trespass

in the Third Degree.[2] The Complainant's sentencing is scheduled for July 29,

2005. In anticipation of sentencing, Resident Judge Graves ordered that the

---

[1]Court on the Judiciary Rule 5(b) provides:

*(b) Sua Sponte dismissal.* The Chief Justice may decline to refer to the [Preliminary Investigatory Committee] Panel, and may dismiss by written order, sua sponte, any complaint which, upon its face, is (1) frivolous, (2) lacking in good faith, (3) based upon a litigant's disagreement with the ruling of a judge, or (4) is properly a matter subject to appellate review.

[2]*State v. Cardone*, Del. Super., Cr. ID No. 0409005091A.

Complainant undergo a psychological evaluation by the Delaware Psychiatric Center.

(3)     The complaint in this Court alleges that Resident Judge Graves demonstrated a "lack of concern as an officer of the court" when responding to the Complainant's statement at a December 3, 2004 hearing on defense counsel's motion to withdraw.[3]   Moreover, the complaint alleges that the criminal charges brought against the Complainant were "ridiculous and illegal," and that the Complainant's court-appointed conflict counsel violated rules of professional conduct for Delaware lawyers.

(4)     The complaint is subject to dismissal, *sua sponte*, pursuant to Rule 5(b)(4). It is clear that the complaint does not invoke the limited jurisdiction of the Court on the Judiciary. The Court on the Judiciary has the authority only to discipline a judicial officer for misconduct proscribed by Article IV, section 37 of the Delaware Constitution.[4]  The judicial disciplinary process is not a substitute for appellate review.

---

[3]According to the Complainant, when he informed Resident Judge Graves that he was recovering from injuries sustained in a beating by three correctional officers, Resident Judge Graves responded, "You don't look too worse for wear."

[4]*See* Del. Const. art. IV, § 37 (conferring authority on the Court on the Judiciary to discipline a judicial officer for "wilful misconduct in office, wilful and persistent failure to perform his or her duties, the commission after appointment of an offense involving moral turpitude, or other persistent misconduct in violation of the Canons of Judicial Ethics as adopted by the Delaware Supreme Court from time to time").

2

NOW, THEREFORE, IT IS ORDERED that:

A.      The complaint is dismissed, *sua sponte*, and no further action will be taken on the complaint.

B.      A copy of this Order is to be transmitted by the Clerk of the Court on the Judiciary to Resident Judge Graves and to the Complainant.

C.      Pursuant to Article IV, section 37 of the Delaware Constitution and the Rules of the Court on the Judiciary, this Order, all records (including complaints, correspondence, reports, exhibits, testimony, statements, orders, opinion and all other materials) in any proceeding in the Court, and all references to any such proceeding shall be confidential. All persons are required to honor the confidentiality unless the Court shall otherwise order on request of the judicial officer involved.

Chief Justice

3

~~March 3, 2005~~
APRIL

To: Margaret L. Naylor, Clerk

Notary

Supreme Court
34 the Circle - PoBox 369
Georgetown, DE 19947

Dear Ms, Mrs, Madam, Madame Naylor;

I'm _bbbaaaacccKKK!!!_ I'm returning

the enclosed original complaint re T. Henley

~~Graves~~ to you, the original complaint I sent to

you on Jan. 23,05 which you sent back to me

with ~~a~~ your cockamamie refusal to accept that

complaint, enclosed. Now that that is outta da

way, may we'uns proceed? In my initial re-

search (by the way.... it seems, with the dis-

appearance of Diane Plummer [adios, baby] I now

have my right to access of SCI's law-library) I

will use Canon 3 B(3) of the Delaware Judges

'ode of Judicial Conduct 'addend to what will most

assuredly be more violations T. Henley bestowed on

re during my incarceration from September 7,

2004 to present and future, based on the ridiculous and

illegal charges put on me by Keith Banks and

°F°C° Robert T. Whitman of the Rehoboth Beach Key-

(Con't) ⟶

Exhibit A

now charge the conflict lawyer that T. Henley
bestowed on me to represent me in the aforementioned
charges, Michael A bram of Ed Gill's office, with
violations of the Principles of Professionalism for
Delaware Lawyers in his (Mr. Abram's) role as my
attorney in my case ID.# 0409005091.

I have sent an appeal request to Mr. Abram
re my case I.D. #0409005091. At present, I am
awaiting a response from him on that appeal request.
I have had no contact, whatsoever, from Michael
A bram since my trial by jury condition of March
28,05. Time waits for no man. As T. Henley
told me in his courtroom... "CYA - Cover your
ass." That is the only remarkable statement uttered
in my trial.

                    Very truly yours,

                    Charles F. Cardone
                    SBI #098159

I wish to file formal complaints of violations
of the Delaware Judges' Code of Judicial Conduct
re Judge T. Henley Graves by me Charles F. Cardone
case ID# 040900 5091... as well as formal com-
plaints of violations by Michael A bram of Ed Gill's
office of the Principles of Professionalism for
Delaware Lawyers and violations of The
Professional Conduct Rules of Delaware Lawyers.

                    Charles F. Cardone

COURT ON THE JUDICIARY OF THE STATE OF DELAWARE

**MARGARET L. NAYLOR**
*Clerk*

SUPREME COURT
34 THE CIRCLE
P.O. BOX 369
GEORGETOWN, DE 19947

February 16, 2005

Mr. Charles Cardone
SBI # 098159
Bldg. PT
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

**CONFIDENTIAL**

*I sent this back to Naylor, notarized by Donna Fuhrman apprx.*
*4-5-05*
*cfc*

Re:    *State v. Cardone,*
Def. ID No. 0409005091

Dear Mr. Cardone:

I am in receipt of your complaint dated January 23, 2005, against Superior Court Judge T. Henley Graves. Your complaint is not notarized. For this reason, I am returning your complaint.

The Court on the Judiciary receives complaints alleging judicial misconduct or disability that are filed against Delaware judges and commissioners. A complaint that is filed with the Court (i) must bear the complainant's original signature; (ii) set forth the complainant's address; (iii) name the judicial officer involved; (iv) allege with particularity the nature of the alleged misconduct or disability; and (v) **be executed by oath or affirmation** under penalty of perjury before a notary public. The Court does not consider a matter that is (i) frivolous, (ii) lacking in good faith, (iii) based upon a litigant's disagreement with the ruling of a judicial officer, or (iv) is properly a matter subject to appellate review. Ct. Jud. R. 5 (copy enclosed).

The Court on the Judiciary does not consider matters that are appropriate for appellate review. The Delaware Supreme Court has jurisdiction to receive appeals in criminal cases from the Superior Court. The appeal must be filed within thirty days of sentencing.

Very truly yours,

Enclosure(s)

2 copies
Front & back

(Notary)

To: Margaret L. Naylor, Esquire

COURT ON THE JUDICIARY
RECEIVED AND FILED
FEB 16 2005

I wish to file a formal com-
plaint with your agency directed toward
Henley Graves.

On December 3, 2004, I was trans-
ported to the Superior Court in George-
town from this prison where I am housed
in Pre-trial building awaiting a February
14, 2005 trial. That Dec. 3 hearing was
in front of T. Henley Graves for a motion
to Withdraw filed by my then Public
Defender E. Stephen Callaway initiated by
me so I may be represented by a court
appointed conflict attorney. Callaway's
Motion was granted and Michael Abram
of Ed Gill's office was selected to rep-
resent me. At the onset of that Dec. 3
hearing I advised Judge Graves that I
was recovering from a terrible beating at
the hands of 3 Sussex Correctional In-
stitution's correctional officers, that had
happened approx. 1 week prior to my
appearance in front of Graves. When
a transcript of that motion to withdraw
hearing is obtained or reviewed by you, you
will then see that Grave's response to
me advising him (Graves) I was beaten was
"you (me) don't look to worse for wear"
and the hearing was conducted to it's
completion. I now feel his response and
Grave's lack of concern as an officer of

Con't →

Yes, this letter to you is a complaint over
a member of the judiciary, Judge T. Henley Graves.
This complaint is directed to you and your agency:

Margaret L. Naylor, Esquire

D-(1)    Court on the Judiciary

copies (2)    Supreme Court of Delaware

P O Box 369

Georgetown, DE 19947

by me —    Charles Z. Cardone    4-1-05afc
            Charles F. Cardone

* I attest that the    SCI-SBI #098159
signature presented
did identification    Bldg PT
verifying his
identity and I did    P O Box 500
witness their
signing of this    Georgetown, DE
document.
                        19947
sworn to and sub-
cribed before me    Respectfully
+ the date,

Donna B. Fuhrman 4-1-05

DONNA G. FUHRMAN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires September 4, 2005

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
MARY SUSAN MUCH
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

June 6, 2005

**CONFIDENTIAL**

Mr. Charles F. Cardone (#098159)
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re:    **ODC File No. C05-4-2**
       **(Michael R. Abram, Esquire)**

Dear Mr. Cardone:

I have received your letters dated May 18, May 20 and May 22, 2005. This matter remains closed. This Office will take no further action regarding your complaint, nor will we respond to further correspondence from you regarding this matter..

Sincerely,

Patricia Bartley Schwartz

PBS:mrm

cc:    Michael R. Abram, Esquire (w/copies enclosed)

Aug 19, 2005
Pg 1

To: Michael Abram, Esq.

My court appointed/conflict attorney

From: Charles F. Cardone - SBI # 098159    Copy

RE: State v. Cardone in tentative July 29, 2005, sentencing hearing and Violation of my Accountability II Probation on the same above date and the same trial judge (Graves) and VOP sentencing judge (Graves).

_____

Sir:    (25) 3-8-06  10-13-05

I am sending you a copy of this letter to "CYA", "cover my ass", as Graves would say, and has said in his courtroom to me during our December 3, 2004, motion to Withdraw hearing which the transcript of that hearing will verify, should we require a written copy of that hearing should the need be required ..... As to the appeal that will be filed should Graves abuse his discretion in sentencing me, (among other points of settled law) this letter to you is my request to you to file our Notice of appeal should Graves sentence me to incarceration at my sentencing hearing above and beyond his crediting me with time served for these rediculous charges and sentencing me with Level V as per my "back up time" in my VOP sentencing hearing.——

To proceed: Rule 32 of the Federal Rules of Crim Proc as recently amended by Congress, provides that I must be provided a copy of any and all PSI reports not less than 35 days before the sentencing hearing, and, after I have

(25) 2-0-06    ⟶

reviewed those papers and reports there is provision in this Rule 32, for good cause shown, the court may allow me to raise objections at any time prior to imposing sentence on me.... The decision in the ~~Williams~~ Moore case (cite as: 49 Del. 29, 108 A. 2d 675) took place in 1954.... and is history. Our Motion to Release PSI reports dated May 10, 05, was denied by Judge Graves according to your May 25, 05, letter to me... that Motion will be a point of appeal should Graves abuse his discretion in sentencing me.... as per your same May 25, 05 letter to me you state "he (Graves) ordered a PSI but he has it in here so he did not need to wait for it to sentence you"... you also, incorrectly ~~stating~~ stated the latter as your 2nd supporting fact to release PSI to me ... yes, he Graves, could have sentenced me but, again, END

Charles F. Cardone

Pg 2 of 2
Letter to Attorney
from Cardone - July 19, 05

3 copies

On Aug 19, 05, I, Charon 7. 38-06 [174]

Cardone, sent by certified mail notices of appeal

to Paula Ryan, Graves, Michael Abrom, and to the

Delaware Supreme Court. These notices of appeals were

for my trial in Superior Court on March 28, 05.

I was convicted of Aggravating Menacing, Resisting

Arrest and of trespassing in the 3rd degree. I am

also appealing Graves's sentencing of me at VOP sentencing

hearing held on July 29, 2005, the same day and during

the same sentencing hearing on my convictions at that March

28, 2005 trial. — Also, in these registers certified

Notices of Appeals, I requested transcripts of all proceeding

(Pre-liminary hearing transcripts, arraignment, Motion to With

draw hearing held in front of Graves on Dec. 3, 2004, with

public defender Callaway and me present, my trial tran

cripts to include pre-trial hearing of March 28, 2005 wi

me, Abrom, and Graves, so I may inform Graves

Abrom's ineffectiveness as my court appointed attorney,

because Abrom did not file 1 pre trial motion o

my behalf according to my criminal docket sh

as to my trial transcripts, I'm requesting the entire

court trial transcripts, in their entirety, to include ⟶

the numerous side bars that were heard app
10 feet from the prosecution's (State) witness
this nearness of the sidebars to these witnesses
most assuredly biased and prejudiced these States
witnesses against me.

Charles F. Carbone

———— Personal Record-

Cases # 0409005091/A
0201021864-VOP

3 copies
Front + Back
10-13-05

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:   302-854-5409

*[handwritten: 1 B / 3 copies - No Back / Front]*

July 26, 2005

Charles F. Cardone
Department of Corrections
1181 Paddock Road
Smyrna, Delaware  19977

Re:    State of Delaware v. Charles Cardone

Dear Mr. Cardone:

I have received your letter of July 13, 2005, and I will attempt to answer all of your concerns.

1.    I have not filed a Motion for Recusal because Judge Graves has already refused this request.  I cannot refile this motion without additional information or reasons to petition the Court again for something it has already ruled on.

2.    I do not represent you on this matter so I will not file anything regarding this case.

3.    I have not refiled the Motion to Release the PSI because the Judge has already ruled against us in this matter.  However, if after we receive the psychological evaluation it references the PSI, this would be a new reason for you to deserve to review the PSI and I will file again to have a copy made for you.

4.    I do not understand what you are requesting in paragraph 4.  You appear to want to have the PSI altered yet you do not know what it says so how can you want it altered.  You also want the PSI to recommend alternatives to level 5 time, which is what the new evaluation is for.  You apparently also believe that I am colluding with the Judge to deny you your rights, which could not be farther from the truth.  You also want to see a written denial of our motions, but as I explained previously it was an oral decision and as such there will not be a written denial.

Charles Cardone
July 26, 2005
Page 2

If you have any additional questions or concerns, please do not hesitate to contact me. Thank you for your time and attention to this matter.

Sincerely,

Michael R. Abram, Esquire

MRA/slw

· As to Section 3 of 142nd General Assembly 20th
Senate Bill No. 50:

- Amend Section 4204, Title 11 of Del. Code to
redesignate subsection "(m)" thereof as subsection "(N)",
and by adding a new subsection "(m)" thereto, to read
as follows.... "As a condition of any sentence, and
regardless of whether such sentence"... "the Court may order
the offender to engage in a specified act or acts".... "A violation
of any order issued pursuant to this subsection shall be
prosecuted pursuant to 11 Del.C. §1271/... once again,
if the discretions of the Court stated in this Senate Bill
50 of Delaware go above and beyond additional elements
of offense (s) which the trial judge would impose higher
penalties, serious questions would be raised as to defendant's
guarantees under due process clause and Sixth Amendment's
notice and jury trial guarantees as to these additional elements
of offense, the additional elements used to impose higher
and additional penalties must be charged by indictment,
proven beyond a reasonable doubt, and submitted to a jury
for its verdict... Senate Bill 50 is, as of this date, and
in view of recent U.S. Supreme Court decisions, ambiguous
in its entirety and may, and will be challenged re

- Jones v. United States No. 97-6203 (1999) - Cite as: 526 U.S.
227, 119 S.Ct. 1215
- Apprendi v. New Jersey, 530 U.S. 466 (2000)
- Blakely v. Washington, 124 S.Ct. 2531 (2004
- U.S. v. Horne, (USDC MD of Pa # 00-CR-274) - At times, the Probation
Dept. issues PSI(s) & erringly based upon prior criminal acts
involving violence or drugs. Unless these prior acts that are a part

of the PSI to Abram + Document 9-2 and be able to controvert with by filing objections with the trial court, a higher offense level may + will be imposed. I must urge Abram to be pro-active and review all aspects of my PSI. — At this point, I wish to point out, according to Blakely: Some facts that bear on sentencing either will not be discovered, or are not discoverable, prior to trial. For instance, a legislature might desire that if I act in an obstructive manner during trial or post trial proceedings I should receive a greater sentence... I bring this up because of what I did to Chris Webb when he tried to do a PSI on me... and in Abram's letters to me that he so thinks I should "go along" with the judge's wishes or he will somehow, sentence me to more incarceration than if I just "go along" with the judge's PSI (5). As to the State wanting to make such facts relevant at sentencing, the State must vest sufficient discretion in the judge to account for those facts or bring a separate criminal prosecution for obstruction of justice. Also, my obstructive behavior must be so severe as to constitute an already-existing separate offense, unless the legislature is willing to undertake the unlikely expense of criminalizing relatively minor obstructive behavior.

* As to Abram's motion to sever that was granted during trial: ask Abram if that means (severance) the severed charge(s) may result in a separate criminal prosecution... that choice might not be available - a separate prosecution, because if it (separate prosecution) is for an aggravated offense, it would likely be barred by the Double Jeopardy Clause.

2-a

Copyright/Ornstein/Original Love Works

July 20-05

Title 18 U.S.C.A. §3553(b)

3 copies Front    a 3'
No Back

directs that a court "shall impose a sentence of
the kind, and within the range" established by the Federal Sentencing
Guidelines, subject to departures in specific limited case ..."
* the effect of the increasing emphasis on facts that enhanced
sentencing ranges, however, was to increase the judge's power and
diminish that of the jury ... As the enhancements became greater,
the jury's finding of the underlying crime became less significant ... the
jury in my case convicted me of the least (6) class felony sending the
court the message that I would not have caused bodily harm to the
Royal Farm's employees, that I was showing them (the employees) their mis-
takes in not allowing me use of their rest rooms. So, as it thus become
clear that sentencing was no longer taking place in the tradition that
Justice Breyer invokes ... the new sentencing practice ... found in
Jones, developed in Apprendi and subsequent cases culminating
with Blakely. These decisions are recent examples of the need to preserve
Sixth Amendment substance. — Jury 34(1)
230 OK 34(1) Most Cited Cases
the Constitution gives a criminal defend
and the right to demand that a jury find
him guilty of all the elements of the crime
with which he is charged.
U.S.C.A. Const. Amend. 6.

* As to Graves sentencing of me, there are not no aggravating cir-
cumstances because the jury found me guilty of the lesser felonies ...
but that brings me to mitigating circumstances which means that
Graves must impose lesser sentences on me because of the jury's
not believing I was a severe threat by the state's attempt to charge
me with more serious felonies ....



## INMATE TELEPHONE REQUEST FORM

You may select up to five people who are willing to receive your collect calls. Be sure to include the area code for each number. Abuse of telephone procedures may lead to suspension of your telephone privileges and/or disciplinary action.

Please complete the following information completely and neatly. PLEASE PRINT! Change requests can only be submitted once per calendar month. No changes will be made while sanctions are being served. Emergency changes must be made through SOCIAL SERVICES.

INMATE NAME: _____

HOUSING UNIT: _____

INMATE SIGNATURE: _____

DATE: _____

S.B.I. NUMBER: _____

| TELEPHONE NUMBER | PARTY CALLED | RELATIONSHIP |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PARTY CALLED MUST HAVE A FIRST AND LAST NAME. RELATIONSHIP SHOULD INDICATE

BROTHER, SISTER, FATHER, MOTHER, FRIEND, ETC.

NOTE: The five numbers listed above will be the five numbers you can call.

Form #66

July 23, 05 — Date I am copying this —   14 Del. Laws   27

3 copies + back
Front

(Show Abram)

Delaware State Senate
142nd General Assembly — Senate Bill 50

SB 50   1 D

① - Section 3. Amend 4204 of Title 11 of the Delaware
Code by redesignating subsection "(m)" thereof as subsection
"(n)", and by adding a new subsection "(m)" thereto, to read as
follows: A violation of any order issued pursuant to this
subsection shall be prosecuted pursuant to 11 Del. C. § 1271.
Any such prosecution pursuant to 11 Del. C. § 1271 shall not
preclude prosecution under any provision of this ~~title~~ Code.

✱ Del v. Moore   49 Del. 29, 108 A. 2d 675 (1954)
• Judge should have an accurate and complete character study
of me to impose sentencing -- three sources are: Members
of the defendant's family, my employers + members of the com-
munity, private + official.

✱ Jones v. United States (526 U.S. 227, 119 S. Ct. 1215)
1999

Read 4 Blackstone 238-239 - State v. Bennet, 3
Also: A. Scott, Criminal Law   (Brevard 515 (S.C. 1815)
in Colonial Virginia 27-28
103-106 (1930)

— "Even in this system, however, competition developed
between judge + jury over the real significance of their
respective Roles .... severity of sentences was indirectly

⟶

2) / Checked by juries assertions of a mitigating power when the circumstances of a prosecution pointed to political abuse of the criminal process or endowed a criminal conviction with particularly songuinary consequences ... this power to thwart Parliament and Crown took the form not only of flat-out acquittals in the face of guilt but of what today we would call verdicts of guilty to lesser included offenses, manifestations of what Blackstone described as "pious perjury" on the jurors' part.

$\longrightarrow$ McMillan, Almendarez-Torres v. United State, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998) - "stands for the proposition that not every fact expanding a penalty range must be stated ** 1227 in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged."

* As the enhancements became greater, the jury's finding of the underlying crime became less significant. And the enhancements become very serious indeed. re

* 752 e.g., Jones, 526 U.S. at 230, 119 S. Ct. 1215 ... Booker, Fanfan, United States v. Rodriguez, 73 F. 3d 161, 162-163 (C.A. 7 1996) the above illustrates the need to preserve Sixth Amendment substance. (Booker) "the Framers of the Const. understood the threat of "judicial despotism" (Graves) that could arise from "arbitrary punishments upon arbitrary convictions" without the benefit of a jury in criminal cases." See The Federalist No. 83, p. 499 (C. Rossiter ed. 1961) (A. Hamilton

* the Constitution gives a criminal defendant the right to demand that a jury find him (me) guilty of all the elements of the crime with which he is charged." 3D)

United States v. Gaudin, 515 U.S. 506, 511, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). ←

* I am Constitutionally protected "against conviction except upon proof beyond a ~~reson~~ reasonable doubt of every fact necessary to constitute the crime with which he (me) is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

* 3 Copies — Front *

* Jones v. United States, 526 U.S. 227, 230, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

— While the jury found me guilty of aggravated menacing, ~~I did.~~ * A brsm told me the Clerk says he cannot work because of the fear he felt at his confrontation w/me ... on the aggravated ~~serten~~ menacing conviction ... that alleged fear espoused by the Clerk must be a higher penalties provision ~~of agg. men~~ statute, ~~may~~ facts that ~~figure~~ trigger such provisions must be charged by indictment, proven beyond a reasonable doubt, and submitted to jury for its verdict... the indictment made no reference to the allegations by Clerk of his fear, nor did the Clerk, during the trial, state his fears at the time of his confrontation w/ me ~~during that confrontation~~.

Del Judges Code of Judicial Conduct

* 3 copies - Front + back. 1 C

Canon 3-B(3) A judge should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer.

3 copies
Front only

(On the morning of my trial, March 28 2005, I asked Mr. Abram if we could speak with Graves re Abram's refusal to file pre-trial motions, I believe I requested of Graves to appoint another conflict attorney and he said no.... I'm sure there is a record of that hearing ...

Conon 3-C(a) —

* Principles of Professionalism for Delaware Lawyers

Principles: 5. Appeal - A lawyer should take an appeal only if the lawyer believes in good faith that

Mike Abrom
[should ask]

↗ the Court has committed error, or an appeal is otherwise required.

Tim

* Professional Conduct Rules of Del Lawyers

① C

* April 12 - I saw mike Abram in hall coming from medical he said I would probably get no-level V time at sentencing and he said he didn't see any merits to appeal. These are my merits to appeal:

in support of appeal to Graves

1) Abram was ineffective for not filing one pre-trial motion in our behalf... ↖ ↑ ↗

2) When we (mike + I) told Graves in pre-trial discussion, Graves saw no merit in granting one another lawyer, trial went on, anyway.

*Look at Attorney's Professional Respons.

☐ *Get Margaret Naylor's stuff copied +
   ☐ = DONE DEAL (10)                    notarized
                                         by Diane.

☐ I wish to appeal, look up?

☐ Letter to Giel copied (10)

Get letters from Mike Abram to me, copied
☐
                    (10)

✗ ATTORNEY Professional Responsibility

✗ Appeal                 Jack Simes - act Director
                         ↓
                         Jim Lupinetti
                         Internal Affairs (DOC)
                         245 McKee Rd
                         Dover, DE  19904

① Aggravated Menacing
    Del 11 0602 000 BFE 0-5
②
Resisting arrest - 11 Section 1257  0-1yr

③ Criminal tres 3rd - " " " 821  0-1yr

2 2
2 5
11 0
4 4

Points to raise in support of Appeal → April 12-8 s

* 3 copies – Front only

(3) of the 9 or 10 subpoenas for State's witnesses
for trial the ones that were in discovery were  ② C
(1) Alleged victim – Letey Hudson      3 copies – No back
(2) Alleged clerk on duty at 7-11 where illegal arrest
   happened. She might not have been in discovery..
(3) Alleged victim's witness – Wayne Abbott. At
   trial Letey Hudson and Wayne Abbott could not
   agree if knife was opened or it wasn't opened
(4) he Royal Farm's Store's manager (don't know
   his name) said I held a closed knife in the
   air in the store and waved it about – Letey
   said it was open – that is conflict... the tape
   doesn't show either way... the store had 7
   or 8 cameras with different views of alleged
   incident, why did they only present the one view
   of my back + side? The store manager was
   not mentioned in discovery, therefore we could
   not prepare a defense to his purported statement
   Also I repeatedly asked Abram to for me
   to physically touch and read 711's clerk's
   statements to properly prepare defense... never
   happened until actual trial... She was not
   part of discovery, also. She said I caused
   absolutely no problem in Store until Whitman
   came up behind me and punched me in the
   head.
(5) I repeatedly asked Abram to pass 1 inch knife
   around to jury members so they could see it was
   falling apart. I could not hurt anybody with it.
(6) Whitman's testimony was bullshit... I don't re –
   member Parson's testimony only that the knife was
   found in my pocket only after I was taken
   back to Station... if there was really weapon
   mentioned in 911 why didn't Whitman gun me down
   for the weapon on the spot?

3 copies Front only

① Title 11 Section 4204

② 11 Del. C § 1271 * 3 copies    Front + Back

③ 11 Del. C § 4333 ✓

④ 11 Del. C § 4201

① A

July 16-05

* 3 copies    Front + Back

* 11 Del. C § 4204 subsection "(m)" + subsection "(n)" are ambiguous in their being read as follows:

"(n)" As a condition of any sentence, and regardless of whether such sentence includes a period of probation or suspension of sentence, the Court may order the offender to engage in a specified act or acts, or to refrain from engaging in a specified act or acts, as deemed necessary by the court to ensure the public peace, the safety of the victim or the public, (allow me to point out) the jury at my trial of March 28, 05, in finding me guilty of aggravated menacing, which is a much lower class of violent felony than the other 3 violent felonies I was indicted on by the grand jury (the aforementioned 3 high class felonies were not considered in my trial by the jury because the State granted severance of those felonies, nolle prosequ of the felonies, and/or the jury found me not guilty of those more serious violent felonies). — On to Section 4 of SB 50. Amend Section 4333 of Title 11 of the Delaware Code #.....
the following:

Subsections (a), (b) (c) + (d) ... (d) says "the limitations set forth in subsection (b) and (c) of this section (Section 4, Section 4333) shall not apply":

⟶

① Title 11 Section 4204

② 11 Del. C § 1271   * 3 copies   ① A
                          Front + Back

③ 11 Del. C § 4333 ✓   Front + Back   July 16 - 05

④ 11 Del. C § 4201           * 3 copies
                                  Front + Back

* 11 Del. C § 4204 subsection "(m)" + subsection "(n)"
are ambiguous in their being read as follows :

"(n)" As a condition of any sentence, and regardless of whether
such sentence includes a period of probation or suspension of
sentence, the Court may order the offender to engage in a
specified act or acts, or to refrain from engaging in a
specified act or acts, as deemed necessary by the court to ensure the
public peace, the safety of the victim or the public, (allow
me to point out) the jury at my trial of March 28, 05, in finding
me guilty of aggravated menacing, which is a much lower
class of violent felony than the other 3 violent felonies I was
indicted on by the grand jury (the aforementioned 3 high class
felonies were not considered in my trial by the jury because
the State granted severance of those felonies, nolle prosequi of
the felonies, and / or the jury found me not guilty of those
more serious violent felonies). — On to Section 4 of SB 50.
Amend Section 4333 of Title 11 of the Delaware Code to . . . .
the following :
        Subsections (a), (b)(c) + (d). . . (d) says "the limitations
set forth in subsection (b) and (c) of this section (Section 4, Section
4333) shall not apply" :                                    ⟶

* the "Constitution gives a criminal defendant the right to demand that a jury find him (me) guilty of all the elements of the crime with which he is charged."    3D

United States v. Gaudin, 515 U.S. 506, 511, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).  ←

* I am Constitutionaly protected "against conviction except upon proof beyond a ~~reson~~ reasonable doubt of every fact necessary to constitute the crime with which he (me) is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

*3 Copies - Front *

* Jones V. United States, 526 U.S. 227, 230, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

— While the jury found me guilty of aggravated menacing, ~~I did~~ * A brsn told me the Clerk says he cannot work because of the fear he felt at his confrontation w/ me ... on the aggravated ~~sorben~~ menacing conviction ... that alleged fear espoused by the Clerk must be a higher penalties provision ~~of agg. men.~~ ~~statute~~, ~~may~~ facts that ~~figure~~ trigger such provisions must be charged by indictment, proven beyond a reasonable doubt, and submitted to jury for its verdict ... the indictment made no reference to the allegations by Clerk of his fear, nor did the Clerk, during the trial, state his fears at the time of his confrontation w/ me ~~during that confrontation~~ .

Del Judges Code of Judicial Conduct

\* 3 copies - Front + back.  1C

Canon 3-B(3) A judge should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer.

3 copies... Front, only

(On the morning of my trial, March 28 2005, I asked Mr. Abram if we could speak with Graves re Abram's refusal to file pre-trial motions, I believe I requested of Graves to appoint another conflict attorney and he said no.... I'm sure there is a record of that hearing...

Canon 3-C(a) —

\* Principles of Professionalism for Delaware Lawyers

Nike Abram I should ask

Principles: 5. Appeal- A lawyer should take an appeal only if the lawyer, believes in good faith that the Court has committed error, or an appeal is otherwise required.

Jim

\* Professional Conduct Rules of Del Lawyers

in support of appeal / no Graves

①C

\* April 12- I saw Mike Abram in hall, coming from medical. he said I would probably get no-level V time at sentencing and he said he didn't see any merits to appeal. These are my merits to appeal:
1) Abram was ineffective for not filing one pre-trial motion in our behalf...
2) When we (Mike + I) told Graves in pre-trial discussion, Graves saw no merit in granting me another lawyer, trial went on, anyway.

Points to raise in support of Appeal → April 12-05

* 3 copies
Front only

(3) of the 9 or 10 subpoenae for State's witnesses
for trial, the ones that were in discovery were ②C
(1) Alleged victim - Letey Hudson    3 copies - No BACK
(2) Alleged clerk on duty at 7-11 where illegal arrest
    happened. She might not have been in discovery.
(3) Alleged victim's witness - Wayne Abbott. At
    trial Letey Hudson and Wayne Abbott could not
    agree if knife was opened or it wasn't opened
(4) the Royal Farm's Store's manager (don't know
    his name) said I held a closed knife in the
    air in the store and waved it about - Letey
    said it was open - that is conflict... the tape
    doesn't show either way... the store had 7
    or 8 cameras with different views of alleged
    incident, why did they only present the one view
    of my back + side? the store manager was
    not mentioned in discovery, therefore we could
    not prepare a defense to his purported statement
    Also I repeatedly asked Abram to for me
    to physically touch and read 7-11's clerk's
    statements to properly prepare defense... never
    happened until actual trial... she was not
    part of discovery, also. She said I caused
    absolutely no problem in Store until Whitman
    came up behind me and punched me in the
    head.
5) I repeatedly asked Abram to pass 1 inch knife
    around to jury members so they could see it was
    falling apart I could not hurt anybody with it.
6) Whitman's testimony was bullshit... I don't re-
    member Parson's testimony only that the knife was
    found in my pocket only after I was taken
    back to Station... if there was really weapon
    mentioned in 911 why didn't Whitman pat me down
    for the weapon on the spot?

3 copies Front only

① Title 11 Section 4204

② 11 Del. C § 1271 ※ 3 copies
   Front + Back

③ 11 Del. C § 4333 ✓ Front + Back        ① A

④ 11 Del. C § 4201                    July 16-05

                                    ※ 3 copies
                                      Front + Back

※ 11 Del. C § 4204 subsection "(m)" + subsection "(n)" are ambiguous in their being read as follows:

"(n)" As a condition of any sentence, and regardless of whether such sentence includes a period of probation or suspension of sentence, the Court may order the offender to engage in a specified act or acts, or to refrain from engaging in a specified act or acts, as deemed necessary by the court to ensure the public peace, the safety of the victim or the public, (allow me to point out) the jury at my trial of March 28, 05, in finding me guilty of aggravated menacing, which is a much lower class of violent felony than the other 3 violent felonies I was indicted on by the grand jury (the aforementioned 3 high class felonies were not considered in my trial by the jury because the State granted severance of those felonies, nolle prosequ of the felonies, and/or the jury found me not guilty of those more serious violent felonies). — On to Section 4 of SB 50. Amend Section 4333 of Title 11 of the Delaware Code to ..... the following:

         Subsections (a),(b)(c) +(d)...(d) says "the limitations set forth in subsection (b) and (c) of this section (Section 4, Section 4333) shall not apply":                          ⟶

(2)

A.

(1) to any sentence imposed ------- in 11 Del.C. § 761 if the sentencing court determines on the record and by a preponderance of the evidence that a longer period of probation or suspension of sentence will reduce the likelihood that the offender will commit a sex offense or other violent offense in the future;

(2) to any sentence imposed for any Title 11 violent felony as designated by §4201(c) of this Title if the sentencing court determines on the record and by a preponderance of the evidence that public safety will be enhanced by a longer period of probation or suspension of sentence; or — my record will

(3) ~~this says~~ not and cannot allow Graves to "enhance" my probation ~~and~~or suspension of sentence to a longer period of probation or suspension of sentence for the unquestionable fact that the jury of March 28, 2005 found me not guilty of the more violent, the more serious, the higher classes of felonies... Graves ~~may~~ may attempt to enhance my probation ~~and~~or suspension of sentence and in that decision he will lose my appeal based on the facts that Graves (he) abused his judicial sentencing authority by violating (his) the intentions of SB 50. Graves may also attempt to enhance my probation ~~and~~or suspension of sentence by incorrectly burdening me as a public safety nuisance... again, the jury's ~~did not~~ verdict does not support Grave's possible upcoming ENHANCEMENTS in my

※ 3 copies
Front + Back          3          A    3 copies Front + Back

sentencing hearings on trial guilty verdicts and VOP sentencing the same day. I must tell Abrom to file a motion to clean up the Pre-sentence Investigation Report (PSI) so I may make a record in the trial court of the possible objections which I may have to the information Graves (or any Judge) will utilize to impose sentences on me. As shown by Alison Stevens Pre-trial Services Report to the judge, it is oftentimes the government's practice to insert in their (gov't) Pre-trial and PSI's derogatory information, erroneous informations concerning my alleged activities. Activities that were not produced at trial or admitted in a plea agreement. For twenty years, the government has been able to obtain convictions during a trial, but then increase the punishment of convicted defendants (possibly me at my sentencing hearings upcoming), based on allegations & information that were never produced at a trial, or admitted in plea agreements. When and if Grave's sentences of me violate SB 50's synopsis authored by Senator Vaughn, in which SENTAC will be directed to develop new sentencing guidelines to ensure probation will not be used expes-sively. When, and if, Graves abuses his authority and SB 50 and SB 150, and should he (Graves) inflict punishment that the jury's jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment"; I may then rely on Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004). ⟶

—4 — A

Blakely clarifies what is meant by the term
Statutory maximum sentencing practices.
United States v. Booker, 2005 U.S. LEXIS 628 (Jan.
12, 2005
and Blakely rules say that every fact
used to increase my statutory maximum sentences
must be either reflected in my jury verdicts or
admitted. If Graves abuses his authority, he will,
and may, violate my rights under the Sixth
Amendment and I may be eligible for re-
lief under appeal, using Booker and for
that relief. Also, see Jones v. United States, 526 U.S.
227 (1999)

See U.S. v. Patrick Donovan, 03CR30053 (W.D. VA
2004)

X Also, as to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348,
147 L. Ed. 2d 438 2000)
the Sixth Amendment says that "any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury!"

To: Michael Abrom copy [Aug] 05

Date/Time     Inmate's Name     (1)          D.O.B.:  /  /

From: Charles F. Cardone (1)   Case No. 0201021864

RE: APPEALS        "    "0409005091

* I am advising you (Abrom) and the Court (Graves)
that I am severely limited in my capacity to gain
access to DCC law library, writing materials, (thus
this form sheet).... I was transferred to:

* Sent to Abrom
Certified on
Aug 7, 05

State of Delaware

Department of Correction

Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

from SCI on the 23rd of May, 2005. The reason,
or reasons, for my transferral will become obvious
in the future. I am being denied timely access to the
previously stated to curtail, hinder, deny to me
my constitutional rights to Due process in the above case
numbers,.... and, I will now quote you from 2
of your letters to me, Mr. Abrom, in support of my
attempts to fire you after you docket my appeal in
the above case #'s as per Supreme Court Rules 26 and any
other rule of the Court pursuant to these appeals:
1. I have a July 26, 2005, letter from you which,
by no stretch of my imagination, attempts
to answer all of your (my) concerns...in this letter
of yours you manage to come up with

Cont

(2)

3/1/99 DE01
FORM#:
MED
269

Provider Signature & Title                    Date & Time

4 more reasons for us to inform Graves "that
a new attorney for your (my) appeal should be
appointed".... this quote is taken from your May
3, 2005, letter to me. Returning to your July 26,
2005, letter to me allow me to quote you, again, ...
in #2 of your attempt to answer all of my con-
cerns you state "I do not (you, abram) represent
you (me) on this matter so I will not file any-
thing regarding this case".... you continue to illustrate
your incompetence by statements such as that.— At
this point I wish you to initiate our appeal's
and/or Notice of Appeals in my current situation.
One final request per this letter:- To affect

a knowledgable basis (s) for our appeal, allow me
to quote from Graves's June 2, 2005, letter to

| O: | Temp: | Pulse: | Resp: | B/P: | WT: |
|---|---|---|---|---|---|

The below area is for medical use only. Please do not write any further.

Inmate Signature                    Date

me: "After you (Charles Cardone) are sentenced, if
you appeal your conviction (s), then transcripts will
be provided to your (me) attorney at State expense."
Yes, I wish transcripts of every proceeding of the
circus that Paula Ryan Graves, and yes, you also,

Complaint (X) Type of problem are you having)

Abram, et. al have orchestrated against me.— cfc
8-7-05

Name (Print)

Housing Location

Date of Birth    SBI Number    Date Submitted

This request is for (circle one): MEDICAL DENTAL MENTAL HEALTH
FACILITY: DELAWARE CORRECTIONAL CENTER
REQUEST FOR MEDICAL/DENTAL SICK CALL SERVICES
DELAWARE DEPARTMENT OF CORRECTIONS

Transcripts of Pre-lim, arraignment, motion to withdraw

Display deadly weapon

Catalogue: (1)

AGGR Mensuing — I SO4-09-0292-: TIS

Effective July 29, 2005 : 5 years at Level 5

x Jury found me not guilty of deadly weapon charge
(~~Graves when he sentenced me to the max of 5 years~~
~~he illegal violated my 6th Amend~~
therefore jury decided the deadly weapon (knife)
that was introduced at the trial by the state was not
a deadly weapon... ~~Graves exceeded his~~ therefore
my reviewing court will reverse Graves's exceptional
sentence of 5 years : Criminal Law ⟶ 1158(1)
                          110K1158(1) Most Cited Cases

↑

So, because Graves enhanced my sentence be-
cause he violated my 6 Amendment right, and,
because the jury found me guilty (mistakenly)
of aggr men, Graves could not sentence me to
the max 5 years on 11-602(b) Aggr men. (display
because, other than the fact of          deadly weapon)
a prior conviction, ~~the~~ the jury erred in finding
me guilty of 11-602(b) — Sentencing and Punishment
                          ⟶ 322
                 350 HK 322   Most Cited Cases

So, because jury found me not guilty of deadly
be displayed by me and was neither          weapon
admitted by me (defendant) nor found by jury

Blakely v. Washington
June 24, 2004

U.S.C.A. Const. Amend. 6 ; West's RCWA
9A.40.030 (1) ; 9.94A.120(2),
9.94A.125, 9.94A.320 = (2000) ; 10.99.020.3(b)
(2003)

Aug 8, 05

Pg 1 of 1

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:  302-854-5409

August 8, 2005

Charles F. Cardone
Department of Corrections
1181 Paddock Road
Smyrna, Delaware 19977

Re:    State of Delaware v. Charles Cardone

Dear Mr. Cardone:

*[handwritten annotations: 6 copies of 10-11-05 ... after Greentree ... Why does ... don't Crest work — * Orders do not say that ... to Crest, he not understand ... 3 months / release ... then 3 months?]*

Please find enclosed copies of the Sentencing Orders issued by the Court for your violation of probation and your new criminal charges. Per the sentence, if you complete the Greentree program you will be released to level 4 home confinement. If you wish to appeal your conviction, please contact me and I will file a Notice for Appeal. The appeal time runs 30 days from the date of your sentence. Therefore, a Notice of Appeal must be filed on or before August 29, 2005.

If you have any additional questions or concerns, please do not hesitate to contact me. Thank you for your time and attention to this matter.

Sincerely,

Michael R. Abram, Esquire

MRA/slw

*[handwritten: * the sentencing orders do not state what abram states is this letter - Why is this?]*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | | |
|---|---|---|---|
| STATE OF DELAWARE | : | | |
| v. | : | CA Nos: | 0409005091A |
| CHARLES F. CARDONE | : | | |
| I.D. No. 00098159 | | | |

### APPLICATION FOR EX PARTE PAYMENT OF TRANSCRIPT FEES

NOW COMES the Defendant, Charles F. Cardone, and respectfully represents:

1. That he is indigent.

2. That current counsel was appointed by this Court to represent the Defendant.

3. That there has been no substantial change in Defendant's financial circumstances since the time counsel was appointed to represent him in Superior Court.

4. That Defendant requests a transcript from the Motion hearing and trial held on March July 28, 2005, and the sentencing hearings held on May 12, 205 and July 29, 2005.

WHEREFORE, Defendant, Charles F. Cardone, respectfully prays that the State pay for the cost of the transcript in the above-captioned case to be paid promptly at public expense.

#4 - My clarification & designations re transcripts are in my enclosed letter to Judge Graves dated Aug 28, 05. Cfc - Defendant

LAW OFFICE OF
EDWARD C. GILL, P.A.

Michael R. Abram, Esquire
Attorney for Defendant
P.O. Box 824
DATED:                                          Georgetown, DE 19947
(302) 854-5400

SO ORDERED this _____ day of _____, 2005.


_____
Judge

46′(4b)
3 copies

## AFFIDAVIT OF MAILING

STATE OF DELAWARE      *

COUNTY OF SUSSEX       *

BE IT REMEMBERED that on this $\underline{26^{th}}$ day of August, A.D. 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Sharon Williams, Secretary for the Law Firm of Edward C. Gill, P.A., and being duly sworn according to law deposes and says that she forwarded a copy of: **Application for Payment of Transcript Fees**


To:  Official Court Reporter
     Superior Court
     The Circle
     Georgetown, DE   19947

by United States Mail with postage prepaid.


_____
Secretary


SWORN TO and SUBSCRIBED before me the day and year aforesaid.


_____
Notary Public
Michael R. Abram
Attorney At Law
Notary Authority
Per 29 Del. C. Sec. 4323 (a) (3)

**AFFIDAVIT OF MAILING**

4ā (4a)
3 copies

STATE OF DELAWARE       *

COUNTY OF SUSSEX        *

BE IT REMEMBERED that on this $\mathcal{26}^{th}$ day of August,
A.D. 2005, personally appeared before me, the Subscriber, a
Notary Public for the State and County aforesaid, Sharon
Williams, Secretary for the Law Firm of Edward C. Gill,
P.A., and being duly sworn according to law deposes and says
that she forwarded a copy of:   **Directions to the Court**
**Reporter**

To:   Paula T. Ryan, Esquire
      Department of Justice
      114 East Market Street
      Georgetown, Delaware   19947

      Official Court Reporter
      Superior Court, Sussex County
      The Circle
      Georgetown, Delaware   19947

by United States Mail with postage prepaid.

Secretary

SWORN TO and SUBSCRIBED before me the day and year
aforesaid.

Notary Public
Michael R. Abram
Attorney At Law
Notary Authority
Per 29 Del. C. Sec. 4323 (a) (3)

Aug. 28, 05

To: Michael Abram, Esquire
    attorney for Defendant
    Below Appellant            Front + back    × 2¾   (3 copies for back)

RE: Our Notice of Appeal received by me, Charles F.
Cardone on the above date..... the following stipulations
are to be noted by the Supreme Court of the State
of Delaware.... and the Superior Court of the State of
                        Delaware in and for Sussex County

Sir: In our Notice of Appeal dated 8-26-05, which
I just received this date, Aug. 28, 05, I wish to include my
sentencing of my Violation sentencing hearing on July 29, 05, the
same date and time (actually, Judge Graves held one sentencing
that included my jury trial conviction and my VOP sentencing hear-
ing on the same date, same hearing). The Criminal Action Numbers
for the VOP part of this hearing is: VS02-02-0394-01 and VS02
02-0391-01... include these VOP case numbers with Case No.
IS04-09-0292, IS04-09-0296 and IS04-09-0741 in our
notice to appeal. Please take further notice that in your
designation for transcripts you cite Rule 7(c)(6) and 9(e)(2).
I have 3 letters, copies of which I sent you, via certified
and registered mail, unequivocally requesting you to include
in our Notice of Appeal my sincere desire that you request
transcripts of "all proceedings (Pre-liminary hearing transcripts
arraignment, Motion to Withdraw hearing held in front of
Graves on Dec. 3, 2004, with Public Defender Callaway
                                            (con't)  →

and me present, my trial transcripts to include pre-
trial hearing of March 28, 2005, with me, you and Graves,
~~CONFIDENTIAL~~ ~~so I may inform~~ Graves of your
where I relates to
ineffectiveness as my Court appointed attorney... and to include
the numerous side bars at my trial). I've also stated in sev-
eral registered letters to you (which you have not hid the
minimum standards of professional care, or competence, ~~to~~ or civility
to respond to) once you have fulfilled your statutory obligations
under 10 Del. C - 147, Rules 6,7,9,26, et.al., re Appeals,
submit your Motion to Withdraw with the expectation
that Graves will grant your withdrawal so I may
have, in the interest of justice, Graves appoint another
attorney to advise me and/or represent me. — Returning to
those 3 letters I previously mentioned, allow me to quote
from the June 2, 2005 letter from Graves to me: "After
you (me) are sentenced, if you appeal your conviction,
then transcripts will be provided to your (my) attorney
at ~~State expense~~." I take that to mean all the transcripts
of all hearings, that I insist on having, to effect
a proper set of appeals.

Charles F. Carone

— Please advise as to Supr. Ct Rule 26 (i) Advise client...
— When you receive transcripts, promptly send me
copies here at DCC (Smyrna-prison). cfc

8-28-05

cc: Superior Ct
Supreme Ct
Paula Ryan, Dept of Justice

Aug 28, 05

To: Judge Graves

(27) 38.06

RE: This letter is a copy of my letter to Michael ~~Graves~~ Abram, Paula Ryan, and the Supreme Court of Delaware with stipulations I have made re my appeal of your sentencing of me on July 29, 05...

10-13-05

Keep this for records

Sir:

In Michael Abram's Notice of Appeal dated 8/26/05 in the Supreme Court of Delaware, he asks the Supreme Court to take notice that "Appellant (Charles Cardone) hereby designates the transcript ...... in the following manner:" "Mr. Abram cites Rule 7(c)(6) and 9(e)(2) pursuant to Supreme Court Form C." I wish to clarify the above and designate, again what I have requested of Mr. Abram, repeatedly, and in correspondance with Mr. Abram via certified mail, that I want complete transcripts of my pre-liminary hearing, DEC. 3,04, hearing my hearing in front of you (Graves) and Callaway re his Motion to Withdraw as my public defender, my complete trial transcripts (to include voir dire, the actual trial with the numerous side bars and finally my sentencing hearings on July 29, 05 of jury's convictions and violation of Probation sentencing hearing held on that same date (July 29, 05) in front of you (Graves). If you deny me copies of the above transcripts, because of my indigency, if you deny me complete transcripts I have requested above,

(con't) →

in violation of my due process guarantees, let me state that, if need be, I will borrow monies to pay for full and complete transcripts of all hearings concerning my Case number 0409005091 A.

Charles F. Carsone

CC: Paula Ryan, Dept of Justice
Supreme Ct, Del.

Pg 2 of 2

Aug 28, 05

10-13-05

*Pg 2 of 3*

## SUPREME COURT OF DELAWARE

#4

CATHY L. HOWARD
*Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

AUDREY F. BACINO
*Assistant Clerk*

August 29, 2005

P.O. BOX 476
DOVER, DE 19903

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

(302) 739-4155
(302) 739-4156
(302) 739-8091

DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

*6 copies cfc
10-9-05*

Eileen Kimmel
Chief Court Reporter
Superior Court
Sussex County Courthouse
The Circle
Georgetown, DE 19947

RE: ***Charles F. Cardone v. State,*** No. 397, 2005
    (Cr.ID No. 0409005091A)

Dear Ms. Kimmel:

The notice of appeal was filed in the above captioned matter on August 26, 2005. The appropriate Court Reporter was served with the designation of transcript on August 26, 2005.

Pursuant to Supreme Court Rule 9(e)(iv), the transcript must be filed with the Prothonotary no later than **October 11, 2005**. If the transcript is not filed by the above date, you must seek an extension from the Court and state the reasons for the delay in the transcription. Any such request for an extension must be specific as to the day the transcript will be filed.

If an additional transcription order is received under Supreme Court Rule 9(e)(iii), you will be advised accordingly as to the date by which the transcript is to be filed.

If you have any questions, please contact me at your convenience.

Very truly yours,

/eas

cc:    Michael R. Abram, Esquire
       Kim E. Ayvazian, Esquire
       Prothonotary, Sussex County

RECEIVED

SEP 0 2 2005

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Pg 3 of 3

397 , 2005

6 copies clk
10-9-05 (c)

| | |
|---|---|
| M. R. ABRAM | CHARLES F. CARDONE,<br>Defendant Below,<br>Appellant,<br>v. |
| P. T. RYAN | STATE OF DELAWARE,<br>Plaintiff Below,<br>Appellee. |

DF $ 00.00

2005

| | | | |
|---|---|---|---|
| 1 | Aug | 26 | Notice of appeal from the Order dated 7/29/05 in the Superior Court in and for Sussex County, by Judge Graves, in Cr.ID No. 0409005091A, with designation of transcript. (served by mail 8/26/05)(clh) |
| 2 | Aug | 26 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (no service shown on court reporter)(clh) |
| 3 | Aug | 26 | Application for waiver of docket fees by Michael R. Abram, Esquire. (served by mail 8/26/05)(clh) |
| 4 | Aug | 29 | Letter dated 8/29/05 from Senior Court Clerk Eileen Kimmel, transcript is due to be filed by 10/11/05. (eas) |

Lisa A. Semans and                                      9-15-05
Cathy Howard - Clerk - Supreme Court of Delaware

RE: Charles F. Cardone, No. 397, 2005
    (Cr. I.D No. 0409005091A and 0201021864)

Dear Ms. Howard:

    I have just received Ms Semans letter to Ms
Kimmel dated August 29, 2005 from my court appointed
attorney, Michael R. Abram, just recently. In Mr. Abram's
directions to the court reporter re designation of transcript
dated August 26, 2005, Mr. Abram designates to be
transcribed, (a) Motion Hearing and Trial held on March
28, 2005.
            (b) Sentencing Hearings held on May 12, 2005
            and July 29, 2005....
of the proceedings in State of Delaware v. Charles F. Cardone,
criminal action numbers IS04-09-0292, IS04-09 —
-0296 and IS04-09-0741 in Superior Court in Georgetown
— I wish to advise the Supreme Court of Delaware
of my repeated notifications to Mr. Abram, Judge
Graves, and the Supreme Court of Delaware (re appeals)
that I have requested Mr. Abram to obtain full and com-
plete transcriptions of all proceedings from my preliminary
hearing to sentencing hearings (trial conviction and Violation
of Probation hearing held at the same time, same date). I
am, and have been, requesting these transcriptions because
Mr. Abram has not, (to this date,) notified me what we
are to base our appeal (s). — As the defendant, I have
the burden of providing the Court with transcripts so the
Court has a fair and accurate account of claims (my) of
error of which I am saying occurred. See: Tricoche -
v. State, 525 A.2d 151 (Del. 1987).
                            Sincerely,
                            Charles F. Cardone
                            SBI # 098159
                            DCC - SHU (19) B8L

Pg 1 of 3     Jost Williams Reeo        S , 05   (A)

— 6 copies 10-11-05 —

Your denial of your motion to withdraw, by

Graves, was a given... you did not fulfill your

"continuing obligation of and representation by counsel"

as stated in Rule 26(a) of the Supreme Court of the

State of Delaware. ~~You now have a duty to prosecute this appeal~~. ~~Do you see merit(s) to this appeal?~~ He Will you, now, send me

a letter stating your intentions re our appeal!

Also, I am asking for your response to my re-

peated requests to have transcripts for all of court

proceedings of our CR.ID No. 0409005091A

to include my preliminary hearing and all subsequent

hearings and trial transcripts (to include numerous side

bars... ~~It~~ Does (24) 3-8-06 _Ingram V. Heiman_, 748 A.2d 913 (Del. 2000)

support my request? —— As to your August 8, 2005,

letter to me, you state "Per the sentence, if you

complete the Greentree program you will be released

to Level 4 home confinement."... yes, ~~that sentence is~~

for case # 0409005091A. ~~As to case # 0201021864,~~

my order ~~does not~~ state that. My order states

5 years at Level 5... upon successful completion at level 5 Greentree Program, balance of sentence is suspended for 5 years level 3. Greentree Program is approx 18 months, then factor in a waiting time of 6-12 months... that comes to 30 months of a 60 month sentence. That is just for Aggr. Menacing... let's go on to VOP sentence order... 8 years at level 5, upon successful completion at Level 5 Greentree Program balance is suspended for balance to be served at Level 4 Residential Subs. Abuse Treatment, upon successful completion at supervision level 4 Residential Subst. Abuse Treatment Prog... then level 3 aftercare, hold at level 5 until level 4 Residential Subs. Abuse Treatment prg. that does not sound like 14 years at Level 5, susp for completion of Greentree, then level 4 home confinement to me. That sounds more like if I don't complete Greentree and level 4 Residential Subs. Abuse Prg, I am looking at 14 years at level 5. If a correctional officer comes into work

* Sept 21,05 letter to warden by cfc. Pg 2 of 3

Sept-21-05

one day, if a counselor comes into work one day and desides to toss me out of these court ordered programs, I could be looking at the balance of the 14 years at level 5. Then you ask me if I wish to appeal.... the answer is obvious. Yes, I wish to appeal jury conviction and VOP sentence by Graves. I guess that is it for now, please respond.

Charles F. Cardone   SBI #098159

Sent to Abram, by regular mail on this date

6 copies
10-11-05

24
3.8.06

Pg 3 of 3

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

September 26, 2005

#8
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

6 copies of
10-1-05 Pg 1 of 2

Michael R. Abram, Esquire
P.O. Box 824
Georgetown, DE 19947

RE:    ***Cardone v. State***, No. 397, 2005

Dear Counselor:

Enclosed is a copy a letter from Charles Cardone, in the above-captioned matter. The Court has directed me to provide you with a copy of Mr. Cardone's letter for appropriate disposition. Please contact Mr. Cardone and advise him that all future correspondence to the Court on his behalf should be through you as his attorney.

By copy of this letter, I am informing Kim Ayvazian, Esquire, of the Department of Justice, of the Court's action regarding Mr. Cardone's letter. I am providing Ms. Ayvazian with a copy of Mr. Cardone's letter for informational purposes only. The Court will take no further action regarding Mr. Cardone's letter.

Very truly yours,

Lisa A Semans

Enclosure

/eas

cc:    Mr. Charles Cardone
        (with copy of docket sheet)
        Kim Ayvazian, Esquire
        (with copy of Mr. Cardone's letter)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

397 , 2005

M. R. ABRAM

P. T. RYAN

DF $ 00.00

2005

CHARLES F. CARDONE,
Defendant Below,
Appellant,

v.

STATE OF DELAWARE,
Plaintiff Below,
Appellee.

*[handwritten notations: copies of... 6-9-05 Pg 262 / 10... letter to Abram from Cardone(?) (me) / SEMans re Cardone(?) SEMans re Sept-26/05]*

| 1 | Aug | 26 | Notice of appeal from the Order dated 7/29/05 in the Superior Court in and for Sussex County, by Judge Graves, in Cr.ID No. 0409005091A, with designation of transcript. (served by mail 8/26/05)(clh) |
|---|-----|----|---|
| 2 | Aug | 26 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (no service shown on court reporter)(clh) |
| 3 | Aug | 26 | Application for waiver of docket fees by Michael R. Abram, Esquire. (served by mail 8/26/05)(clh) |
| 4 | Aug | 29 | Letter dated 8/29/05 from Senior Court Clerk to Eileen Kimmel, transcript is due to be filed by 10/11/05. (eas) |
| 5 | Aug | 29 | Certificate of service of directions upon the court reporter on 8/29/05 by mail by appellant. (eas) |
| 6 | Sep | 02 | Copy of order dated 9/1/05 by Judge Graves, approving appellant's Application for Ex Parte Payment of Transcript Fees. (eas) |
| 7 | Sep | 20 | Letter dated 9/15/04 from Charles Cardone, regarding his appeal. (eas) |
| 8 | Sep | 26 | Letter dated 9/26/05 from Senior Court Clerk to Michael Abram, Esquire, forwarding Mr. Cardone's letter for appropriate disposition. (eas) |

SUPREME COURT OF DELAWARE    *Pg 1 of 2*

#10
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

CATHY L. HOWARD
*Clerk*

September 29, 2005

P.O. BOX 476
DOVER, DE 19903

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

*to 6 copies of 10-9-05*

(302) 739-4155
(302) 739-4156
(302) 739-8091

Michael R. Abram, Esquire
P.O. Box 824
Georgetown, DE 19947

RE:    ***Cardone v. State***, No. 397, 2005

Dear Counselor:

Enclosed is a copy a letter dated September 22, 2005 from Mr. Charles Cardone, in the above matter. The Court has directed me to provide you with a copy of Mr. Cardone's letter for appropriate disposition. Please contact Mr. Cardone about his letter and advise him that all future correspondence to the Court on his behalf should be through you as his attorney.

By copy of this letter, I am informing Kim E. Ayvazian, Esquire, of the Department of Justice, of the Court's action regarding Mr. Cardone's letter. I am providing Ms. Ayvazian with a copy of Mr. Cardone's letter for informational purposes only. The Court will take no further action regarding Mr. Cardone's letter.

Very truly yours,

*Lisa A Semans*

/eas

Enclosure

cc:    Michael R. Abram, Esquire
          (with copy of docket sheet)
       Kim E. Ayvazian, Esquire
          (with copy of Mr. Cardone's letter)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

397 , 2005

M. R. ABRAM

CHARLES F. CARDONE,
Defendant Below,
Appellant,

v.

P. T. RYAN

STATE OF DELAWARE,
Plaintiff Below,
Appellee.

*6 copies of Pg 282*
*10-9-05*
*(a) letter to Abram from Cardone re (mE)*
*SEmans re (mE)*
*RSept 29,05*

DF $ 00.00

2005

| | | | |
|---|---|---|---|
| 1 | Aug | 26 | Notice of appeal from the Order dated 7/29/05 in the Superior Court in and for Sussex County, by Judge Graves, in Cr.ID No. 0409005091A, with designation of transcript. (served by mail 8/26/05)(clh) |
| 2 | Aug | 26 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (no service shown on court reporter)(clh) |
| 3 | Aug | 26 | Application for waiver of docket fees by Michael R. Abram, Esquire. (served by mail 8/26/05)(clh) |
| 4 | Aug | 29 | Letter dated 8/29/05 from Senior Court Clerk to Eileen Kimmel, transcript is due to be filed by 10/11/05. (eas) |
| 5 | Aug | 29 | Certificate of service of directions upon the court reporter on 8/29/05 by mail by appellant. (eas) |
| 6 | Sep | 02 | Copy of order dated 9/1/05 by Judge Graves, approving appellant's Application for Ex Parte Payment of Transcript Fees. (eas) |
| 7 | Sep | 20 | Letter dated 9/15/04 from Charles Cardone, regarding his appeal. (eas) |
| 8 | Sep | 26 | Letter dated 9/26/05 from Senior Court Clerk to Michael Abram, Esquire, forwarding Mr. Cardone's letter for appropriate disposition. (eas) |
| 9 | Sep | 29 | Letter dated 9/22/05 from Charles Cardone to Clerk, regarding his appeal. (eas) |
| 10 | Sep | 29 | Letter dated 9/29/05 from Senior Court Clerk to Michael Abram, Esquire, forwarding Mr. Cardone's letter for appropriate disposition. (eas) |

3 05

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

PHONE: 302-854-5400
FAX: 302-854-5409

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

October 3, 2005

Charles F. Cardone
Department of Corrections
1181 Paddock Road
Smyrna, Delaware 19977

*6 copies of
10-9-05      Pg 1 of 1*

Re:    State of Delaware v. Charles Cardone

Dear Mr. Cardone:

I have received your letter dated September 21, 2005 and this is my response. Per your request to have transcripts made available for every step of the proceedings, I expect the court reporter to do their job and provide a complete transcript. If they fail to do so, I will then petition the court for the full transcript. Until I receive the transcript I cannot ask for them to provide anything. When I get the transcript I will send you a copy and you together we can figure out if anything is missing.

Regarding your sentence, you are correct that if you do not complete the sentence as given you can be subjected to a lengthy level 5 sentence if as you put it they have a "hair up their asses". However you are not serving this sentence for "pissin" in public, you are there for your conviction for pulling a knife on a clerk. The other incident in no way facilitated this sentence. *Why was the clerk allowed to state she did not see me piss, and then why did she call RBPD and tell them I did piss, why wasn't she*

Regarding your question about what grounds we will appeal on, it will depend on *included in* the context of the transcript. After getting a copy of the transcript and reviewing it, I will *discovery?* discuss the matter with you about how we shall proceed. Until then write down all of your ideas and wait for the transcript to see how we may be able to prove them. Until I have a transcript I will not evaluate your potential claims.

If you have any additional questions or concerns, please do not hesitate to contact me. Thank you for your time and attention to this matter.

Sincerely,

Michael R. Abram, Esquire

MRA/slw    *This letter is dated 10-3-05, it arrived and was received at DCC on 9-*

TO: Michael R. Abram

Oct. 9, 05

Case # 0409005091

6 copies of Pg 1 of 2
10-9-05

Sir:

this is in response to your letter to me dated October 3, 2005, in re my September 21, 2005, letter to you per my requests to have transcripts made for every step of our proceedings (Ingrom v. Heimen, 748 F.2d 913 (Del. 2000)), and White v. State, 807 A.2d 579 — (Del. 2002),..... you say, in your letter "Until I receive the transcript I cannot ask to provide anything" but, in your Directions to the Court Reporter dated 8/26/05, you direct (not me, Charles F. Cardone) the proceedings in CR.A # I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, I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 and I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, to be transcribed as set forth in your directions:   (a) Motion Hearing and Trial held on March 28, 2005.

(b) Sentencing Hearings held on May 12, 2005 and July 29, 2005.

after I directed you, Judge Graves, and the clerks of Delaware's Supreme Court, in Dover, that I wanted transcripts of every proceeding since my arrest date of September 7, 2004. I requested these transcripts (Pursuant to Case # 0409005091)

via certified mail — You lied in your motion to withdraw as my attorney in your Statement you used in support of that motion, to Judge Graves; you have shown, repeatedly, an inaction to vigorously defend me by the mere fact that we have talked, face to face, for a grand total of ½ hour, 30 minutes, and I am being generous in saying 30 minutes — Your letter to me, of October 3, 2005, is yet another example of your IAC.—

Proceedings to be transcribed, in their entirety, to be used in appeals of:

State v. Cardone, I.D. No. 040900509/#
Cr. A. Nos. 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 thru 0293, 0295, 0296 + 0741

and

Case # 0201021864

* What is the difference between a lawyer and a prostitute? A prostitute stops _____ when you die.

Very truly yours,

Charles F. Cardone

SBI # 098159

* the night I allegedly pissed on Royal Farms property
the female clerk called cops and told them I pissed on their
property (Royal Farms)... When that some clerk took the
stand as a witness for the State, she then said she did
not see me piss where I pissed. When Paula asked clerk
how did she (witness) know I pissed on the property, Clerk
said " it (the piss) wasn't there before I came. that
in itself is basis for a new trial. All my charges in
the indictment originate in that female clerk's lies as
she called Rehoboth Bch PD to 'report me pissing in
public. AT trial, she impeached herself, Thus, convictions
should be vacated or a new trial is required if her
false testimony could in any reasonable likelihood
have affected the judgment of the jury.... Napue v.
Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959)

* the female clerk, the clerk that called Rehoboth PD about
me urinating in public was not part of the indictment, why was
she part of my trial? Because she was not part of the in-
dictment, she A. brom should have demanded a mistrial because
the jury was biased and prejudiced in their verdict... Bringing
her in to testify at beginning of trial was a "deliberate deception
of a court and jurors by presentation of known false evidence
and is incompatible with rudimentary demands of justice."

See Criminal Law 110 ⊂──706(2) ⎞  Giglio V. United States
110 K 706(2) Most Cited Cases  ⎬      No. 70-29.
Formerly 110 K 700             ⎠   Cite as 405 U.S. [...]

( When the ~~was~~ wanted, somewhere, but, when she took the stand she said she didn't actually see me pissin——.

* This ~~disclosure~~ nondisclosure by Paula Ryan violates due process—the fact that the clerk ~~was~~ and her calling Rehoboth PD to report me wrinating in public was not substantiated by that some clerk when she took the witness stand... thus, the State has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving me of liberty through a deliberate deception of court and jury by the presentation of testimony by her to be perjured. Her (clerk) perjured testimony, knowingly used by the State authorities (Paula) to obtain my conviction, sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, would entitle me to be released prison. <u>Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 791.</u>

— A narrative by Charles F. Cassone (me) written on Oct. 10, 05.

<u>Pg 2 of 2</u>

6 copies
10-11-05

*Law Office of Edward C. Gill, P.A.*

16 N. BEDFORD STREET
P.O. BOX 824
GEORGETOWN, DELAWARE 19947-0824

EDWARD C. GILL
THERESA McQUAID HAYES (DE, VA)
MICHAEL R. ABRAM

PHONE:  302-854-5400
FAX:  302-854-5409

*Pg 2, - Pg 3, 4, 5, —*

*Pg 3 - 18, 19, he refuses to recuse*

TO:    Charles F. Cardone
       DCC – SBI#: 098159
       Building 19
       1181 Paddock Rd.
       Smyrna, Delaware 19977

ENCLOSURE FOR YOUR INFORMATION

Date:  October 19, 2005

Re:    State v. Cardone

Our File No.: _____  _____

We enclose the following to keep you informed of the progress of this
matter:

Transcript of Proceedings dated May 12, 2005

Please contact us if you have any questions.

jc

# COPY

```
 1        IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

 2                   IN AND FOR SUSSEX COUNTY

 3     - - - - - - - - - - - -x
                              :
 4     STATE OF DELAWARE       : I.D. No. 0409005091A
                              :
 5            v.               : Criminal Action Nos.
                              : 04-09-0291 thru 0297;
 6     CHARLES F. CARDONE,     : 04-09-0741
                              :
 7              Defendant.     :
                              :
 8     - - - - - - - - - - - -x

 9
                         T R A N S C R I P T
10                            O F
                       P R O C E E D I N G S
11
                                   Sussex County Courthouse
12                                 Georgetown, Delaware
                                   Thursday, May 12, 2005
13
                 The above-entitled matter was scheduled for
14
        hearing in open court at 9:30 o'clock a.m.
15
           BEFORE:
16
                 THE HONORABLE T. HENLEY GRAVES, Judge.
17

18         APPEARANCES:

19              PAULA T. RYAN, Deputy Attorney General,
                  appearing on behalf of the State of
20                Delaware.

21              MICHAEL R. ABRAM, Esquire, appearing on
                  behalf of the Defendant.
22

23
```

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1                    P R O C E E D I N G S

2          THE COURT:  Mr. Abram, as far as your client

3     being in the courtroom, it is up to you whether you

4     want him here or not here.  They are motions.  They

5     can be handled without him, but since he is present

6     in the courthouse, it is your pleasure.            why?

7          MR. ABRAM:  Your Honor, I think I would —

8     rather handle the motion without him.

9          THE COURT:  Okay.  That is fine with me.

10          THE BAILIFF:  No. 3 on the calendar is

11     Charles Cardone.

12          THE COURT:  I guess we ought to do the

13     recusal first.

14          MR. ABRAM:  Yes, that would make the most

15     sense, Your Honor.

16          May I begin, Your Honor?

17          THE COURT:  Yes.

18          MR. ABRAM:  This is some concern on the part

19     of my client, Mr. Cardone, given some of the letters

20     that he is written and the fact that he did file a

21     complaint against Your Honor with the Supreme Court

22     of the State of Delaware.

23          THE COURT:  It is interesting that seems to

                    CHRISTINE L. QUINN
                 OFFICIAL COURT REPORTER

1    be dated back in January or February.  I haven't

2    heard anything from it.

3          MR. ABRAM:  Well, I guess maybe it's my

4    fault to bring it to your attention.— *Bring what?*

5          THE COURT:  No, they usually send us

6    something on those.

7          MR. ABRAM:  I was not aware of it before the

8    trial.  Otherwise, I would have made a motion before *what - motion?*

9    the trial.  Unfortunately, I wasn't aware of it at

10   that time.  I will also put in the letter that he

11   wrote to you, frankly, more offensive towards myself

12   than to you, but he does end his letter, you know, in

13   a rather sarcastic and insulting way towards Your

14   Honor.  Given this history of, I guess, application

15   towards the Court, insulting Your Honor, there is

16   some concern about your ability to stay impartial in

17   this case.

18         THE COURT:  Counsel, I am not going to

19   recuse myself from the case.  I receive letters from *Which*

20   defendants all the time, and as I see the letter) *I one?*

21   don't think he is happy with neither one of us.  I

22   don't think he is happy to be convicted, and I

23   appreciate anybody's unhappiness to be in the

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1    situation to be incarcerated.  But there has been

2    nothing about this case that is any different than

3    any other case that we do.

4         It would be all too easy to judge shop by

5    writing two out of three letters -- two out of the

6    three of the judges in this case, for example, and

7    tell them what they would like in graphic terms and

8    thereby select a third judge.  For the same reasons,

9    the fact that he has filed a complaint with the Court

10   of Judiciary, same reason.  When people -- the same

11   reason exists.  When people sue, for example, Mike

12   Abrams or Steve Callaway in their official

13   capacities, they frequently file complaints with the

14   disciplinary counsel or file some action in the

15   federal court.

16        What I do is basically look at it and make a

17   decision because it is all too easy, again, to get

18   new counsel.  I want a real lawyer so I'm going to

19   make complaints against all the lawyers in the P.D.

20   Office and conflict attorneys and this, that, and the

21   other.  That's part of the game that is played, and

22   I'm not going to recuse myself because I put in -- I

23   guess I really can't understand because he wasn't

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

*I wrote Graves a letter explaining why*

1    happy with Mr. Callaway.  I gave him you, and he is

2    not happy with you, and I think he had some choice

3    words about Mr. Callaway.

4         So I have looked at the substance of the

5    letter, which is the complaint.  Again, I have not

6    heard anything from the Court of Judiciary.  It has a

7    stamp saying they received it back in February, and I

8    am proceeding with the matters that are on the

9    calendar and not recusing.  And I don't think there

10   is an appearance if somebody says that the files of

11   the complaint is the judge of the impropriety that

12   creates an opportunity for judge shopping.  I think

13   there has to be some substance more than his general

14   complaint about comments that I made to him when he

15   was before me. After I told him about Baker's beating of me...

16        MR. ABRAM:  Okay, Your Honor.

17        THE COURT:  Okay.  Next motion is motion to

18   release the presentence investigation report.

19        MR. ABRAM:  Yes, Your Honor.  As you are

20   obviously aware, the Presentence Office creates

21   presentence reports for Your Honor to review prior to

22   sentencings.  It's the policy of the Presentence

23   Office here per the rules that the State and defense

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

On June 2004 the Supreme Court issued a decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), having the potential to drastically alter the federal sentencing scheme. The decision struck down the Washington State guideline scheme on Apprendi grounds. On January 12, 2005 the US Supreme Court, in the Booker-FanFan decisions the Supreme Court did apply Blakely to the Federal Sentencing Guidelines. Justice Breyer says "the guidelines can no longer be mandatory but advisory." The courts of appeals review sentencing decision for unreasonable ness. Whether it be pretrial, sentencing, direct appeal, or collateral review, A.bron and I can submit arguments based on Blakely, as well as Booker-FanFan. Graves gave me 5 years (max) on aggr. mens. based on facts not submitted, proven, by jury's finding me of not guilty of PDW... We can pursue appeal based on facts not admitted or proven beyond a reasonable doubt. Jury should not have had aggr. men. as a lesser included offense...

Request For _6_ copies of each    Nov. 1, 05

Legal document enclosED, and    DonÉ-Al

_6_ copies each, FRont and back, of

~~the~~ materials, Letters, etc., to be usE in support of

appeals IN RE Case No.s: 0409005091 A & 0201021864

and 6 copies of each Legal document and materials, letters,

etc., to be usED in support of 1983 civil actions:

CA 05-536 KAJ
&
Charles F. Cardone
SBI #098159    CA 05-600 KAJ.

1) _6_ copies, Front + back, Letter to LisA Semans - 11-1-05

2) _6_ copies of CHARGE History record consisting of
   pages 1-15 inclusive.    Done, _all_

3) 6 copies of Pre-trial Services Case Report consisting
   of 3 pages, front only - Sent in 11-1-05

6

*Abram never told me to view it per... (handwritten annotation)*

1     are allowed to review it.  They have allowed me to

2     review it. *I was not entitled to see it (handwritten annotation)*

3          However, the defendant, in this case, has no

4     opportunity to view it.  Although, I haven't

5     personally done this, I believe, it's possible to

6     take a defendant into the Presentence Office to

7     review the presentence report there while not taking

8     it out of the office.  I am aware in Kent County and

9     I believe -- I know in Kent County and I believe I

10    heard New Castle County it's the practice of the

11    Presentence Office to give defense counsel a copy so

12    you can review it with the defendant.

13          In this case, it's not possible.  I think it

14    violates due process.  I think it violates the

15    confrontation clause because my client is not able to

16    view all the facts in it.

17          I am not personally aware of all the facts

18    of the old convictions that are going to be reviewed

19    by Your Honor, and it factors into how to determine

20    his sentence.  I believe in recent case law, Blakely,

21    Booker, taking out some of the discretion of the

22    sentencing judge above sentencing guidelines.  In

23    this case, you know, obviously, Your Honor hasn't

*Sentencing me on (handwritten annotation)*

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER *matters that were not found by jury (handwritten annotation)*

1    sentenced yet.

2         I don't know if you will be or won't be, but

3    it makes it difficult to refute any complaints that

4    are in the presentence report unless I can review

5    them all properly with my client.

6         THE COURT:  Booker and Blakely aren't

7    applicable to the Delaware sentencing scheme.  They

8    are applicable to that particular state and to the

9    feds, but the Rule specifically which you site is,

10   and I quote from it.  "The Court shall allow

11   defendant's counsel, or when the defendant is acting

12   pro se, the defendant and the Attorney General to

13   read the report of the presentence investigation."

14   It doesn't say get a copy of it.  It says you have

15   access to it.

16         MR. ABRAM:  I am aware, Your Honor, and I

17   believe that Rule is unconstitutional as written.

18         THE COURT:  It is unconstitutional as

19   written because of --

20         MR. ABRAM:  Because it doesn't allow the

21   defense to be able to properly confront all

22   accusations in there.  I think it violates the

23   confrontation clause.

1          THE COURT:  It does because the Court shall

2     afford the parties an opportunity to comment on the

3     report and any relevant factual inaccuracies in it.

4     You have the opportunity to study that report as much

5     as you want.

6          MR. ABRAM:  Like, Your Honor, I said before

7     I have not been Mr. Cardone's lawyer as long as

8     Mr. Cardone has been incarcerated or been charged for

9     anything.  I do not have intimate knowledge of these

10    past reports.

11         THE COURT:  You can't write down what his

12    convictions are and say were you the man that was

13    convicted?

14         MR. ABRAM:  Your Honor, I could, but also in

15    the presentence report I believe there was included

16    police reports on there, and I cannot go through

17    every situation that was in the police reports to

18    determine if they were correct or not correct.

19         THE COURT:  Police reports for this case?

20         MR. ABRAM:  No, of previous cases.

21         THE COURT:  If he was convicted in previous

22    cases, it would be the convictions that was

23    important, wouldn't it?  *Jury did not convict me ...*

*Public Defenders only wanted plea bargains*

*I am about plea bargains*

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1          MR. ABRAM:  Yes, Your Honor.  If it was only

2    the convictions in there, then I wouldn't have to

3    worry about refuting the fact of the conviction.

4          THE COURT:  But you have the police report

5    available to you.

6          MR. ABRAM:  To review it, Your Honor, and

7    short of, Your Honor, if I was to sit there and copy

8    it all to take it all back to him, what would be the

9    difference of me sitting there copying it and having

10   a copy of it?

11         THE COURT:  It may be an issue that we may

12   address on a statewide basis.  Historically, if you

13   go back -- if you want to go back fifty years -- my

14   goodness we can go back fifty years.  There was a

15   fellow by the name of Judge Herman, who later became

16   Chief Justice.  At that time, there was no disclosure

17   in the report, and he so held that was a confidential

18   document of the courts considered for purposes of

19   sentencing, but as with everything, we have evolved

20   and rules have changed, and you are given a full

21   opportunity to study the report, examine the report,

22   and consult with your client about the report.

23         There are factors which I will raise with

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1   other judges concerning whether or not we should have

2   a statewide policy on this.   There are cost factors,

3   perhaps not to the contract attorney because you

4   would turn around and give me a bill, but for the

5   Public Defender's Office and for private counsel.

6       Mr. Cardone's presentence investigation is

7   fairly a brief presentence investigation.   I have

8   seen them two, three inches thick.   That means

9   somebody is going to copy them, and there is going to

10  be a cost for copying, and that issue has not been

11  addressed, at least by this county, the judges in

12  this county.

13      So I'm going to continue what has been the

14  practice based upon the Rule, that you have access to

15  the reports, and I will, in fact already have done,

16  institute a process of having Superior Court as a

17  whole look at the Rule and see if we can develop a

18  more uniform practice statewide.

19      I'm not saying we are wrong and they're

20  right, or we are right and they're wrong.   I'm just

21  saying it has been left to the individual discretion

22  of the counties historically, and my biggest concern

23  right now is not so much what is in the report but

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1    just a cost factor and things of that nature, but I

2    am denying your application this morning, and without

3    prejudice to renew any other case because, like I

4    say, it is evolving.

5              MR. ABRAM:   Your Honor, could I just for

6    specificity -- are you ruling that it doesn't violate

7    the confrontation clause?   *it tra Is this a yes, or no? ?*

8              THE COURT:   No, it doesn't violate the

9    confrontation clause.   He is entitled to a trial

10   concerning his conviction.   He is not entitled to

11   have a sentencing where there is or where hearsay is

12   not permitted.   Hearsay is permitted in the

13   sentencing.   You don't have confrontation rights in

14   sentencing.   You have a case that says confrontation

15   rights.   *? ? ? he says in 13 you don't have confrontation rights and he says you do have confrontation rights ??*

16             MR. ABRAM:   I wanted it to be specific.

17             THE COURT:   If you have a case, you have a

18   right to confront witnesses.

19             MR. ABRAM:   I believe Your Honor any new

20   fact that is found by the sentencing judge, but that

21   is specifically to that conviction.

22             THE COURT:   That so relates to a scheme

23   similar to it, a remedy whereby an additional fact

1       found by the Court then statutorily elevates the

2       crime to a higher level. 6 Amend

3               MR. ABRAM:   Right.

4               THE COURT:   The hate crime determination in

5       Apprendi may expose the defendant to a higher

6       sentence.   I can't remember.   I don't think it

7       exposed him to a mandatory but exposed him to a

8       higher sentence, and he got the higher sentence.

9       That's part of the problem with the federal

10      sentencing scheme, and I think it was a Washington

11      sentencing scheme that you had some facts that were

12      determined by a judge, and that's the whole thing

13      with Ring also, but he is exposed here to the

14      maximum.

15              The Supreme Court has said he is exposed to

16      it, the maximum, and the guidelines are guidelines,

17      and I will consider the guidelines, and I will

18      consider his criminal record, and I will consider the

19      events of this case, any comments that both of you

20      have, he has, and the State and make a decision.

21              MR. ABRAM:   Thank you, Your Honor.

22              THE COURT:   All right.

23              (Whereupon, proceedings in the above-

1           entitled matter was recessed and the Court

2           proceeded with other court business, at the

3           conclusion of which the following proceedings

4           were had:)

5           THE BAILIFF:   Charles Cardone here for

6    sentencing.

7           THE COURT:   Let's do him in just a few

8    minutes.   Let me see counsel at sidebar and a court

9    reporter too.

10          (Whereupon, counsel approached the bench and

11         the following proceedings were had:)

12          THE COURT:   It would appear that some of

13    Mr. Cardone's behaviors are a little eccentric.   I

14    made an inquiry this morning as to whether there was

15    a mental examination done in his charges where he has

16    on the VOP.   There is assault second charges I think.

17    There was a mental exam done.   I have not opened it

18    at all.   I have it here.   I was going to take a look

19    at it beforehand because I think it is only a couple

20    years ago.

21          MS. RYAN:   Yes.

22          MR. ABRAM:   Did you see in the pretrial

23    service report they stated he is competent to stand

contradictor

```
 1   trial?

 2            THE COURT:  I am (not) looking at it for

 3   purposes of competency.  I am looking at it for

 4   purposes of what others have thought of his eccentric

 5   behavior, and those were very serious charges.   I

 6   think the initial charges were attempted murder and

 7   they pled to assault second.

 8            So I am going to open this now, and I'm

 9   going to probably let them take him back down for a

10   few minutes.  And let you all (see this) because I

11   think this is -- this looks just like his health and

12   (mental health history.)  I am going to put that back

13   in there.  If you want to look at that, you are

14   welcome to look at it.  I am more interested in the

15   (professional.) why wasn't I allowed to see it?

16            MS. RYAN:  This is the competent evaluation

17   that was done with the previous.  There was a

18   competency done with the previous criminal cases.  I

19   still have that with the old file.

20            THE COURT:  I haven't seen it, after

21   studying it again this morning.  This was done it

22   looks like for purposes of determining whether or not

23   he was mentally ill at the time to appreciate the
```

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1    wrongness of his conduct, the will power, et cetera.

2    It looks like they did go through competency

3    questions also.  It looks like DeBerry questions are

4    included.                          what

5           It was competency.  That's not very helpful.

6    Let me see what this one is.  It looks like a copy of

7    the same thing.

8           Do either of you know of any mental health

9    evaluation that he has had as to any determination?

10          MS. RYAN:  I know that when that case was

11   resolved that case was resolved with a plea, and

12   there were great efforts, from what I can tell from

13   the file, trying get him sentenced with the VA, you  no

14   know, some plan for him, but for the most part, I

15   don't think he was particularly cooperative with what

16   was proposed.  That's the impression from my office

17   file.  She continues to guess on the side of

18          MR. ABRAM:  If I recall correctly, I believe

19   that we were actually going to have a plea.  Ms. Ryan

20   and I brought you our concern about that, and I

21   believe at that time you might have mentioned TASC to

22   look into it because we couldn't think of a proper

23   recommendation to help him out.

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

```
 1            THE COURT:  That just addresses depression,

 2    alcohol abuse, and depression is the only thing found

 3    at Peoples Place in '02.  This looks to be a copy of

 4    the same thing.  All right.  You are welcome to it,

 5    to look at any of this stuff to see if it is helpful

 6    to you if you want to.  I have plenty of other things

 7    to do this morning, if you want to take a look at it.

 8            MR. ABRAM:  Do we think we can sentence him

 9    properly without having -- Your Honor, I am sure you

10    have a much better knowledge of the treatment

11    programs out there, if that's the way you choose to

12    go.

13            THE COURT:  I will be quite honest with you.

14    Mr. Cardone -- I think the VOP report hit it.  It is a

15    Mr. Cardone's actions are unpredictable and a threat

16    to the community at large.  If you look at his

17    record, he likes knives.  This is the third

18    conviction involving a knife.  Although, this was

19    probably the smallest of the knives.  He has had

20    knives.  He has CCDW that was pled to, CCDI, and then

21    he has assault seconds that were very serious

22    involving knives, and now we have an episode here.

23            I am, quite frankly, puzzled as to his
```

1    behavior, and any sentence that I do right now is

2    going to come hard on community safety because if he

3    is behind walls he is not pulling a knife on anybody,

4    not getting drunk and acting bizarre and doing what

5    he is doing.

6              The first conviction concerning possession

7    of a concealed dangerous instrument, which was a

8    knife.  He was arrested for some misdemeanor charge,

9    and when they arrested him, they found a knife in a

10   sheath hidden in his pants under his shirt.

11             I will tell you what I am going to do this

12   morning.  I am going to continue it to see if there

13   is any other mental health reports out there

14   concerning him that anybody may have.  It appears he

15   may be a very mean, old drunk.  When he gets drunk,

16   he gets mean.  When he gets mean, he does bad things,

17   but I will continue it for a week or two to determine

18   that.

19             MS. RYAN:  Is Your Honor not ordering one to

20   be done?  I just don't think Mr. Cardone is going to

21   be particularly cooperative with anything.  It could

22   be spitting in the wind.  He hasn't shown much

23   cooperation with anything in this being done.

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1          THE COURT:   Is this a Catch 22?

2          MR. ABRAM:   If you did, in fact, sentence

3     him today or consider resentencing him after a report

4     is done, that way he would have nothing to lose but

5     only to gain if the report determined that.

6          THE COURT:   I tell you what I have done in

7     the past.   I have sentenced people on what the

8     defendant may consider to be the heavy side,

9     reserving the privilege of -- reserving jurisdiction

10    to amend the sentence and bringing them back after a

11    certain period of time to see what mental health

12    issues have been done.   But I'm not certain I want to

13    do that.   I don't know enough.   There's too much

14    smoke.

15          I don't think -- I don't have any doubts

16    about his competency.   I don't have any doubts that

17    he can be a mean son of a bitch, okay, and I don't

18    have any doubts that he can be a threat to community

19    safety when he is drinking.   My question is:   What if

20    there is anything that we could do in the prison

21    system that could cause me to make his sentence

22    shorter than I would give him right now because it

23    would be on a VOP when he is exposed to a very long

1    period of time, and I would be inclined to giving him

2    that today, and I may order a mental examination.

3    I'm going to think about it.  All right.

4            (Whereupon, counsel returned to the trial

5        table and the following proceedings were had:)

6            THE COURT:  I don't mind telling him.

7            You are here for sentencing, Mr. Cardone,

8    and I am going to think about it some more and look

9    for some more information.  You have a bad record.

10   You have been convicted of using a knife and

11   threatening people, and this charge you are on

12   probation for using a knife and stabbing your

13   stepfather in an assault second.  And you have a

14   previous conviction of possession of a deadly

15   weapon -- excuse me, possession of a dangerous

16   instrument, pled down where you had a knife.

17   Actually, I think at the same establishment that

18   started all this episode years ago.

19           You are a scary individual.  When you are a

20   drunk individual, you are a danger to the community.

21   I just told your lawyer that I am inclined to fall on

22   the side of community safety and put you in jail for

23   a very long period of time if I sentence you today,

*I am already sentenced to the most time by his biased and prejudicial statements*

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1    and I am inclined to find out a little bit more about

2    you before I make that determination.

3              I don't know if you want to be cooperative

4    or uncooperative.  That is up to you.  Thus far, you

5    have not been very cooperative with many people, but

6    I may even go as far as ordering -- there was a

7    competency evaluation done in the attempted murder

8    case that was pled to assault second.  And you were

9    deemed competent.

10             I don't have any doubt that you are

11   competent now.  I just want to know a little bit more

12   as to whether or not, quite frankly, sir, whether you

13   just go to jail for a very long period of time and

14   that's it or will you go to jail for a long period of

15   time and have the opportunity for me to review the

16   progress that you are making as far as the issues

17   that you have, or the issues that I perceive that you

18   have.

19             Do you understand me?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Any questions, sir?

22             THE DEFENDANT:  Just bottom line here.

23             THE COURT:  The bottom line today?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  The bottom line today is we are

3    not going to do anything today other than punt.

4           THE DEFENDANT:  Okay.  Yes, sir.

5           THE COURT:  We are going to punt.  Do you

6    understand what I am saying?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  All right.

9           I will give you a new date.  I am going to

10    think about it and give you a new date, who I want to

11    take a look at it, and it is a perfect case -- this

12    would be a perfect case for the public defender

13    psycho-evaluator, but I don't have a public defender

14    psycho-evaluator.

15           THE DEFENDANT:  Sir, thank you for your

16    consideration, reconsideration.

17           THE COURT:  Well, it ain't over till it's

18    over.  You may not be happy with me when it's all

19    said and done.  This is very serious, and I think I

20    told your lawyer the biggest concern that everybody

21    has about you is that you are unpredictable, and

22    while today you are civil and you're behaving like a

23    gentleman, tomorrow you can curse somebody out till

*Biased and prejudicial statements*

CHRISTINE L. QUINN
OFFICIAL COURT REPORTER

1    the cows come home, and then you start posturing and

2    you get yourself in a situation where the people are

3    concerned what are you going to do next.

4              All right.   That's all today.

5              (Whereupon, the proceedings in the above-

6         entitled matter were concluded.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1                    C E R T I F I C A T E

2

3         I, CHRISTINE L. QUINN, an Official Court Reporter

4    of the Superior Court of the State of Delaware,

5    Certification No. 123-PS, do hereby certify the above

6    and foregoing Pages 2 thru 22 to be a true and

7    accurate transcript of the proceedings therein

8    indicated on Thursday, May 12, 2005, as was

9    stenographically reported by me and reduced to type-

10   writing under my direct supervision, as the same

11   remains of record in the Sussex County Courthouse at

12   Georgetown, Delaware.

13

14                              _Christine L. Quinn_
                                CHRISTINE L. QUINN

15

16                              _October 5, 2005_
                                Date

17

18

19

20

21

22

23


                    CHRISTINE L. QUINN
                    OFFICIAL COURT REPORTER

Nov. 01, 05 - Pg 1 of :

In the Supreme Court of the State of Delaware

Charles F. Cardone – Appellant

v.

State of Delaware – Appellee

Case No.

6 Copies

0409005091A

+

0201021864

TO: Lisa A. Semans

I have been sending you (Supreme Court of Delaware) <u>letters</u> in support of my appeals in the above case No.'s. I am directing you (Senior Court Clerk) to docket these letters to advise the Court of the ineffectiveness of my court appointed conflict/pool/contract attorney, Michael R. Abram. I am, and have, since before my trial of March 28, 2005, claimed IAC which is noted in a pre-trial hearing prior to my jury trial of March 28, 2005. Mr. Abram has not provided me with that transcript, nor, has he directed the court reporter to provide the transcripts of these proceedings I have directed in the enclosed letters I have provided in support of my allegations and appeals. Again, I am instructing you (Lisa A. Semans, senior court clerk of the Supreme Court of Delaware) to docket these matters in support of my claim of ineffective assistance of counsel and to docket these letters I have had to provide to the Delaware Supreme Court in support of my appeals in the above Case No.'s.    Very truly yours,

Charles F. Cardone

\* Lisa A. Semans

— Pursuant to your September 26, 2005, letter to Mr. Abram, which I have a copy of, I wish to know who in "_the Court_" directed you, (Lisa A. Semans) to tell Mr. Abram I should not correspond with "_the Court_"? On a closing note, the only action I am directing the clerks of the Delaware Supreme Court is to docket materials and informations I send.

Cfc

SBI #098159

Supreme Court of Delaware

#8 Supreme Court ~~of Delaware~~ Building

55 The Green

Dover, DE  19901

To: Chief Justice Myron T. Steele        Nov. 20, 2005
      Michael R. Abrom
      Judge Graves

                                    Sent this date
                                    pay to -37
                                    To: Steele + Graves

RE: Direct appeal — Case Nos. 0409005091A
                                        0201021864
            * Get copys - 3-14-06

Dear Sirs:
        I find myself writing to the Chief Justice for
relief that you, Mr. Abrom, and you, Judge Graves,
have denied me, and are continuing in your denials, to
provide me with transcripts of the particular proceedings
and hearings of the above case numbers for appellate
review.... allow me to quote from Supreme Court Rule 14:
"Relevant portions of record required ... Where defendant
failed to provide portions of the trial transcripts that sup-
port my claims of error, there was no adequate basis
for evaluating the merits of my claims; thus appellate re-
view was precluded.
                                    Ingram V. Heiman, Del. 2000
        I have been requesting transcripts of all court pro-
ceedings in re the above Case numbers only to be lim-
ited in my requests. My requests are to include my public
defender's December 3, 2004 motion to withdraw trans-
cripts, my preliminary hearing transcripts of September, 2004,
and my hearing on March 28 2005, just before the
beginning of my trial on that date. This pretrial hearing was
    to inform Judge Graves that my court appointed attorney,
Mr. Abrom, did not file a single pre-trial motion
    on my behalf. — I have copies of my numerous

requests to Mr. Abram, as well as Judge
Graves, to provide these transcripts to me. As of
this date, my requests have apparently been refused.

Please advise,

CHARLES F. CARDONE
SBI # 098159

TO: Chief Justice
    Myron T. Steele

                                    Dec. 7, 2005

FROM: Charles F. Cardone - SBI #098159

RE: Direct Appeals - Case # 0409005091A
                              0201021864
        * Got copy - 3-14-06

Sir:
    I am writing this letter to you to advise Your
Honor and the Supreme Court of Delaware that I am in-
sisting that justice will prevail in my appeals of the
above case numbers... justice that is being denied me
by my court appointed attorney, Michael R. Abram,
a court appointed attorney from Georgetown, and Judge
T. Henley Graves of Superior Court. I have filed formal
complaints with the ODC against Mr. Abram for in-
effective assesstance of counsel and a formal com-
plaint against Judge Graves that you denied me re-
lief in my complaint in the Court of the Judiciary
C. J No. 6, 2005. — As to Mr. Abram, immediately
prior to my March 28, 2005 jury trial in front of Judge
Graves I requested a hearing conducted by Graves,
to advise the court of my complaint against Mr. Abram,
which Judge Graves, at the time of that hearing, denied
me relief. Now, on November 28, 2005, in a visit
to me here at DCC, Mr. Abram and I talked about
claims of error to be raised in our direct appeal...
I raised several points, that Mr. Abram wrote down,
which we felt that he would prepare and submit for
the Court's consideration. On December 2, 2005, I
recieved Mr. Abram's opening brief on appeal from
Superior Court. This brief contained none of Mr. Abram'
objections during our trial that Graves overruled. These
overruled objections are the same objections Mr. Abram
and I spoke about in our November 28, 2005, meeting.

One of my questions to you, sir, why weren't these points included in our appeal? I will try and answer this particular question: I have tried, repeatedly through requests to Mr. Abram by certified mail, requests to Judge Graves, requests to the Dover arm of the Supreme Court, to supply me with transcripts of all proceedings conducted pursuant to my trial by jury on March 28, 2005. My requests have been denied. — The reason for this letter to you, Justice Steele, is: I am being denied due process pursuant to Rule 26 of your Supreme Court.

I will send Mr. Abram a copy of this letter in expectation that he will prepare and submit the points we talked about in our November 28, 2005, meeting in re. our appeal pursuant to Rule 26 to which he will then serve upon the State so the State shall respond and/or make any application it deems necessary. — Judge Graves denied Mr. Abram's motion to Withdraw as my attorney sometime in October, 2005.... Mr. Abram, because of Judge Graves' denial, is now obligated to represent me pursuant to Rule 26 .... if Mr. Abram submits this appeal brief as written it will not be submitted in accordance with Rule 26 (c)(1) and I am asking you, Justice Steele, to notify Mr. Abram that he is required to represent me pursuant to Rule 26 (c)(1).

Respectfully,

Sent out on Dec 12, 05    Charles F. Cardone
along w/ trial manuscript    Charles F. Cardone

Mar. 10, 2006 — Catalogue 1

I can use the following for my Habeas in District Court —
if I get denied relief in Wilmington I will appeal to the 3rd
Circuit. I have documented proof of being denied my multiple requests
for all my transcripts starting with my preliminary hearing, Dec. 3rd,
06 Motion to Withdraw hearing filed E. Stephen Callaway not to be my
public defender, at this hearing is when I told Groves about my Baker
trying to kill me ... Groves did nothing except to say "you (me) don't
look to worse for wear"... prior to start of my trial of March 28, 06,
at the suggestion of Michael R. Abram, my court appointed lawyer
just minutes before the start of trial, I and my attny told Groves IN OPEN COURT that
Abram did not file one pre-trial motion on my behalf to which Groves
responded, "if my attny doesn't see a reason to file a motion, he does
not have to, and the my trial was started minutes after. — ② Pros-
ecutorial misconduct — Malicious prosecution by the State, Ryan, and the
Judge, Groves, by allowing state's witnesses who testified against me to use
their perjured testimony to confuse the jury which in turn, convicted me.
All the deadly weapon charges bootstrapped on me by the state were severed, dism
sed and I found was found not guilty but, guilty of AGGravated Menacing which
stipulates "deadly weapon" in its wording.. how can the jury justify finding m
guilty of deadly weapon AGGravated Menacing charge and at the same time
find me not guilty of all the other deadly weapon charges? — "Claims
involving the mistreatment of arrestees or pretrial detainees in
custody are governed by the 14th Amendment's Due Process Cause instead
of the 8th Amendment's Cruel and Unusual Punishment Cause, which
applies to such claims by convicted prisoners. However, the applicable
standard is the same, so decisional law involving prison inmates
applies equally to cases involving arrestees or pretrial detainees.
— The 8th Amendment right to be free from cruel and
unusual punishment is clearly established.

Furthermore, it is clear from existing
law that the use of existing law that the use of ex-
cessive force by a prison guard against an inmate is
a violation of this right. See, e.g., Amaro v. Taylor,
170 F. Supp. 2d 460 (D. Del. 2001) (denying qualified immunity
to prison guards who used excessive force against an in-
mate.) and thus would be unlawful in light of the
existing law. — U.S. District Court, D. Delaware, v. Robert

I George et. al. No. Civ. A. 02-1686-KAJ

— See U.S. Dist. Ct., D. Delaware. Maurice Barrett v. Wendy
Caple, No. CIV. A. 00-883-SLR (2002) ALSO:

Horowitz v. Fed. Kemper Life Assur. Co., 57 F. 3d 300,
302 n. 1 (3rd Cir. 1995)

— To sustain a civil action for §1983 malicious prosecution,
I must demonstrate that: (1) the defendant initiated a crim-
inal proceeding; (2) the proceeding ended in plaintiff's favor;
(3) the proceeding was initiated without probable cause; and (4)
the defendant acted maliciously or for a purpose other than
bringing the defendant to justice. See Bell v. Brennan, 570
F. Supp. 1116, 1118 (E.D. Pa. 1983)