IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CHARLES F. CARDONE**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-127-KAJ |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **CARL C. DANBERG**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On September 7, 2004, the petitioner, Charles Cardone, was arrested, and he was subsequently indicted on charges of possession of a firearm during the commission of a felony, possession of a deadly weapon by a person prohibited, aggravated menacing, resisting arrest, and third degree criminal trespass.  *See* Del. Super. Ct. Crim. Dkt. Items 1 & 2 in case no. 0409005091A.  Cardone was also charged with violating his probation.  *See* Del. Super. Ct. Crim. Dkt. in case no. 0201021864.  The person prohibited charge was severed prior to trial.  *See* Del. Super. Ct. Crim. Dkt. Item 27 in case no. 0409005091A.  In March 2005, a Delaware Superior Court jury found Cardone not guilty of possession of a firearm during the commission of a felony, but guilty of aggravated menacing, resisting arrest and criminal trespassing. *Cardone v. State*, 2006 WL 686588, *1 (Del. Mar. 17, 2006).   After a hearing in Superior Court on July 29, 2005, the Superior Court found that Cardone had violated the terms of his probation with respect to prior convictions for third degree and second degree assault. *See* Del. Super. Ct.

Crim. Dkt. Item 75 in case no. 0201021864. Cardone was sentenced to an aggregate (including his violation of probation sentence) of 14 years at Level V incarceration, suspended after successful completion of a substance abuse program for Level IV supervision, suspended in turn after successful completion of another substance abuse program for Level III supervision. Cardone appealed from his March 2005 conviction and sentence. *See* Del. Super. Ct. Crim. Dkt. Item 64 in case no. 0409005091A. On February 23, 2006, Cardone applied for federal habeas relief.[1] D.I. 1. The Delaware Supreme Court subsequently affirmed his conviction and sentence. *Cardone v. State*, 2006 WL 686588 (Del. Mar. 17, 2006).

## Facts[2]

On September 6, 2004, Cardone spoke with an employee of the Royal Farms store in Rehoboth Beach, Delaware, and asked to use the bathroom. B1-2.[3] When informed by the clerk that the bathroom was not for public use, Cardone urinated in the parking lot. B2-3. A police officer responded to the scene, issued Cardone a summons, and informed him that the management of Royal Farms did not want Cardone ever to return. B3-7.

The next evening, Cardone returned to the Royal Farms store and confronted a different clerk. B12-13. Cardone became hostile as he described the incident the night before, and asked the clerk, Letez Hudson, whether he had called the police. B13-14. Hudson told Cardone that he had not been working that night, but Cardone reached into his pocket and pulled out a pocketknife. B14. Fearing that Cardone might stab him with the knife, Hudson backed away

---

[1] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Cardone's petition is dated February 23, 2006, and that is presumed to be the date he turned it over to correctional officers for mailing. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

[2] These facts are taken from the *State's Answering Brief* in Del. Supr. No. 375, 2005.

[3] References to "B" refer to the appendix to the *State's Answering Brief* in Del. Supr. No. 375, 2005.

and called 911 on his cell phone. B15-18. Cardone waved the knife in his hand, but then he left and went across the traffic circle to the 7-Eleven store. B8, 19-24, 28.

Cardone was standing in the coffee aisle of the 7-Eleven when the police arrived. B8. Officer Tyler Whitman repeatedly asked Cardone to put down his coffee cup and remove the headphones he was wearing. B8-9. Cardone appeared to ignore the officer. B27-29. Finally, Whitman knocked the headphones off Cardone's head and again asked him to put down his coffee cup. B9, 30. When Cardone did not comply, Whitman pushed the coffee out of the way, and instructed Cardone to keep his hands in the air, away from his pockets. B10. When Cardone tried to lower his hands, Whitman grabbed his arm and attempted to handcuff him. B10-11, 29. Cardone struggled and tried to pull away, but was eventually handcuffed and, with the assistance of two other officers, escorted out of the store. B27, 29-30. A pat-down search revealed a small pocketknife in Cardone's pants' pocket. B25-26, 31-33.

## Discussion

In his petition for federal habeas relief, Cardone raises two grounds for relief: (1) his due process rights were violated by the failure of his court-appointed attorney to provide Cardone with transcripts of all court proceedings; and (2) ineffective assistance of appellate counsel for failure to raise certain issues on direct appeal. D.I. 1 at 6, 8. In a letter to this Court dated May 15, 2006, Cardone raises the following additional claims: (3) ineffective assistance of counsel (unspecified); (4) judicial misconduct by the Superior Court judge and the Delaware Supreme Court Chief Justice; (5) malicious prosecution by the Attorney General's office; and (6) state and federal violations of his due process rights under the state and federal constitutions. D.I. 12.

A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v.*

*Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *see also Picard*, 404 U.S. at 275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993). Further, Cardone must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).

    Here, Cardone has not presented any of his claims to the state supreme court. The only claim presented on direct appeal by Cardone challenged the trial court's refusal to provide him a photocopy of his presentence report. *See Cardone*, 2006 WL 686588 at *1. Cardone complains now that he wanted to raise additional claims on direct appeal, but his counsel refused to present the claims that were suggested to him. D.I. 1 at 5. If Cardone is saying counsel's decision amounted to ineffective assistance, the proper procedural vehicle for raising ineffective assistance of counsel claims is a postconviction action under Superior Court Criminal Rule 61. *See Webster v. Kearney*, 2006 WL 572711, *4 (D. Del.); *Lecates v. Carroll*, 2003 WL 22937779, *4 (D. Del.). *See, e.g., Flamer v.* State, 585 A.2d 736, 753 (Del. 1990). The time for filing a

postconviction motion has not yet expired. Del. Super. Ct. Crim. R. 61(i)(1).[4] In addition, as explained, for example, by this Court in *Lecates v. Carroll*, 2003 WL 22937779, *4 (D. Del.), none of the other procedural bars in Criminal Rule 61(i) would apply to a claim of ineffective assistance raised by Cardone. A fair reading of Criminal Rule 61 thus indicates that Cardone can present his allegations of ineffective assistance to the state courts, and in the absence of a state court decision clearly foreclosing his return to the state courts, Cardone has an available state remedy. *See Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Because Cardone has an available state remedy, resort to which is not clearly foreclosed, by which to present his claims of ineffective assistance, the claims are unexhausted. In turn, because Cardone's claims of ineffective assistance are not exhausted, the petition must be dismissed in its entirety unless Cardone voluntarily dismisses the unexhausted claims.[5] *E.g., Rose*, 455 U.S. at 520-21; *McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir. 1987).

Cardone also asserts claims of judicial misconduct, malicious prosecution and violations of his due process rights. D.I. 12. These claims have not been presented to the state supreme court. A state prisoner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille*, 489 U.S. at 351; *Rose*, 455 U.S. at 515. Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy, supra*, or a

---

[4] Under the rule, a prisoner has one year from the time that his conviction became final in which to file a state postconviction motion. (The rule was amended in July 2005 to reduce the filing period to one year.) Cardone's conviction became final, for purposes of the rule, on April 6, 2006 when the mandate issued by the state supreme court on Cardone's direct appeal. DEL. SUPER. CT. CRIM. R. 61(m)(2). Thus, Cardone has until April 2007 to move for state postconviction relief.

[5] Under *Rhines v. Weber*, if the petition contains exhausted and unexhausted claims, a district court can, under very limited circumstances, stay the federal habeas proceedings pending exhaustion of state remedies to avoid barring from federal court a petitioner who has otherwise timely filed his petition. *See* 544 U.S. 269, 277 (2005). That procedure is not available in Cardone's case because he has not established good cause for failing to satisfy the exhaustion requirement. *See id.*

stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no available state remedy, Cardone is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. Because Cardone did not raise his judicial misconduct, malicious prosecution and due process claims on direct appeal, the claims are procedurally defaulted under Superior Court Criminal Rule 61(i)(3). *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 512-13 (D. Del. 2003).

Thus, because there is no available state remedy, Cardone is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). However, because Cardone procedurally defaulted these three claims in the state courts, federal habeas review is barred unless he establishes cause for the procedural default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). Here, Cardone asserts ineffective assistance of appellate counsel in his petition, which can establish cause for a procedural default. *E.g., Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000); *Lines v. Larkin*, 208 F.3d 153, 166-67 & n.20 (3d Cir. 2000). As noted above, however, Cardone has failed to exhaust his ineffective assistance of counsel claims. *See Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted);

*Carrier*, 477 U.S. at 488-89 (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in a state court must itself be independently exhausted). Cardone has offered no explanation for his failure to present his ineffective assistance of counsel as cause for his default in the state courts, and thus this Court need not reach the question of whether he has shown any prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 513. Thus, consideration of Cardone's claims of judicial misconduct, malicious prosecution and due process violations are precluded because he procedurally defaulted the claims in state court.

In light of the foregoing, this Court should dismiss the petition without prejudice to provide Cardone the opportunity to present the unexhausted claims to the state courts. *See Rhines*, 544 U.S. at 273-74; *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Webster*, 2006 WL 572711 at *2-3. Although the Court has discretion to stay the habeas proceedings to allow for exhaustion, the stay and abey procedure is appropriate only in cases where, *inter alia*, the petitioner has established good cause for failing to satisfy the exhaustion requirement. *See Rhines*, 544 U.S. at 277. Cardone has failed to offer any explanation for his failure to exhaust his state remedies, and thus the petition must simply be dismissed.

## Conclusion

Based upon the Superior Court docket sheets, it appears that transcripts of Cardone's preliminary hearing (February 21, 2002) (0201021864), sentencing hearing (May 12, 2005) (0201021864 & 0409005091A), trial (March 28, 2005) (0409005091A), and violation of probation hearing (July 29, 2005) (0201021864), and sentencing (July 29, 2005) (0201021864 & 0409005091A) have been prepared. In the event that the Court directs the production of any

7

transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without prejudice.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  June 29, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on June 29, 2006, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

Charles F. Cardone
SBI No. 098159
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us