## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES F. CARDONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-127-KAJ |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| and CARL C. DANBERG, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

—————————————

Charles F. Cardone.  *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for respondents.

—————————————

August 29, 2006
Wilmington, Delaware



UORDAN, District Judge

## I.    INTRODUCTION

Petitioner Charles F. Cardone ("Cardone") filed the pending petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 1.)  As explained herein, I conclude

that Cardone has presented a mixed petition containing both exhausted and

unexhausted claims.  The AEDPA limitations period has not yet expired, and further

state court review of the unexhausted claims is still available to Cardone.  Therefore, I

will dismiss the petition in its entirety without prejudice to enable Cardone to exhaust

state remedies.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2004, Cardone spoke with an employee of the Royal Farms

store in Rehoboth Beach, Delaware, and asked to use the bathroom.  The clerk

informed Cardone that the bathroom was not for public use.  Cardone proceeded to

urinate in the parking lot.  The store clerk called the police.  A  police officer arrived at

the scene and issued Cardone a summons.  The police officer also informed Cardone

that the management of Royal Farms did not want him to ever return.  (D.I. 20, State's

Ans. Br. in Cardone v. State, No. 397, 2005, at 3-4.)

The next evening, Cardone returned to the Royal Farms store and confronted a

different clerk.  Cardone became hostile as he described the incident the night before,

and asked the clerk, Letez Hudson, whether he had called the police.  Hudson told

Cardone that he had not been working the night in question, but Cardone reached into

his pocket and pulled out a pocketknife.  Fearing that Cardone might stab him with the

knife, Hudson backed away and called 911 on his cell phone.  Cardone waved the knife

in his hand, but then he left and went across the traffic circle to a 7-Eleven store.  *Id.*

Cardone was standing in the coffee aisle of the 7-Eleven when the police arrived.

Officer Tyler Whitman repeatedly asked Cardone to put down his coffee cup and

remove the headphones he was wearing.  Cardone appeared to ignore the officer.

Finally, Whitman knocked the headphones off Cardone's head and again asked him to

put down his coffee cup.  When Cardone did not comply, Whitman pushed the coffee

out of the way, and instructed Cardone to keep his hands in the air, away from his

pockets.  Cardone tried to lower his hands, and Whitman grabbed his arm and

attempted to handcuff him.  Cardone struggled and tried to pull away, but was

eventually handcuffed.  Two other officers assisted in escorting Cardone out of the

store.  A pat-down search revealed a small pocketknife in Cardone's pants' pocket.  *Id.*

In March 2005, a Delaware Superior Court jury convicted Cardone of aggravated

menacing, resisting arrest, and criminal trespass, but acquitted him on the charge of

possession of a firearm during the commission of a felony.  *See Cardone v. State*, 2006

WL 686588, at *1 (Del. Mar. 17, 2006).  On July 29, 2005, the Superior Court

conducted a violation of probation hearing and determined that Cardone had violated

the terms of his probation with respect to prior convictions for third degree and second

degree assault.  (D.I. 20, Del. Super. Ct. Crim. Dkt. in Case No. 0201021864, at Item

75.)  The Superior Court sentenced Cardone to an aggregate (including his violation of

probation sentence) of 14 years incarceration at Level V, suspended after successful

completion of a substance abuse program for Level IV supervision, suspended in turn

after successful completion of another substance abuse program for Level III supervision.

Cardone appealed his 2005 conviction and sentence.  While that appeal was pending, Cardone filed the instant petition for habeas relief on February 23, 2006.  The Delaware Supreme Court subsequently affirmed Cardone's conviction and sentence on March 17, 2006.  *See Cardone v. State*, 2006 WL 686588 (Del. Mar. 17, 2006).

## III.    GOVERNING LEGAL PRINCIPLES

### A.    Exhaustion And Procedural Default

A petitioner in custody pursuant to a state court judgment cannot seek federal habeas relief unless he first exhausts remedies available in the state courts.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity and ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A state prisoner exhausts state remedies by invoking one complete round of the State's established appellate review process, " which involves fairly presenting habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999)*; See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).  Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

If a petitioner did not fairly present a federal habeas claim to the state courts, and further state court review is still available, that claim is not exhausted. Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

However, if the petitioner failed to exhaust state remedies for a claim and further state court review is precluded, the claim is treated as exhausted but procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)*; Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004) (exhaustion of procedurally defaulted claims is not required because "pursuit of state remedies would be futile."). A federal court cannot review the merits of procedurally defaulted claims, unless the petitioner establishes cause and prejudice for his procedural default or that a miscarriage of justice will result if his claim is not reviewed on the merits. *See Coleman*, 501 U.S. at 745-46.

### B.    Mixed Petitions

A petition containing both exhausted and unexhausted habeas claims is referred to as a "mixed petition."[1] *See generally Rose v. Lundy*, 455 U.S. 509 (1982). A district court must dismiss a mixed petition in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). However,

---

[1]When a petition contains exhausted claims and procedurally defaulted claims, the petition is not considered a mixed petition. *Slutzker*, 393 F.3d at 380; *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993) (A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims [] is not a mixed petition.").

4

because there is a one-year statute of limitations for filing habeas petitions, there are cases where an outright dismissal of the mixed petition could jeopardize the petitioner's ability to obtain federal review of his unexhausted claims once he does exhaust state remedies. *Rhines*, 544 U.S. 275. In such situations, a district court may stay the habeas proceeding in order to enable the petitioner to return to state court and exhaust state remedies, but only if the court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *compare with Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (holding that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack.").

## IV.   DISCUSSION

Cardone asserts six grounds[2] for relief: (1) Cardone's court-appointed attorney violated his right to due process by failing to provide Cardone with transcripts of all court proceedings; (2) appellate counsel provided constitutionally ineffective assistance by failing to raise certain issues on appeal; (3) trial counsel provided ineffective assistance (unspecified); (4) the Superior Court judge and the Delaware Supreme Court Chief Justice committed judicial misconduct; (5) the Attorney General's office engaged in malicious prosecution; and (6) Cardone's due process rights under the state and federal constitutions were violated. (D.I. 1, at 6, 8.)

---

[2]Cardone's form petition asserts two grounds, and Cardone asserts four additional claims in a letter dated May 15, 2006. (D.I. 1; D.I. 12.)

The record reveals that Cardone did not present claims one, four, five, and six to the Delaware Supreme Court when he appealed his March 2005 conviction and sentence, and he did not present his ineffective assistance of counsel claims to the state courts in a Rule 61 motion for post-conviction relief. Therefore, Cardone did not exhaust state remedies for any of his six claims.

The record also reveals that Cardone may still exhaust state remedies for his two ineffective assistance of counsel claims. In Delaware, a state prisoner must present an ineffective assistance of counsel claim to the Superior Court in a Rule 61 motion within one year of his conviction becoming final.[3] Del. Super. Ct. Crim. R. 61(i)(1). Cardone's conviction became final for Rule 61 purposes on April 6, 2006. Thus, Cardone has until April 2007 to raise his ineffective assistance of counsel claims to the Delaware Superior Court via a Rule 61 motion, and then appeal any decision to the Delaware Supreme Court. *See* Del. Super. Ct. Crim. R. 61(m).

However, state procedural rules would preclude Cardone from seeking further state court review of claims one, four, five, and six. For example, the time to raise the claims in a timely notice of appeal has expired, and any attempt to raise the claims in a Rule 61 motion would be barred as procedurally defaulted under Rule 61(i)(3). Del. Sup. Ct. R. 6(a) (imposing 30 day appeal period); Del. Super. Ct. Crim. R. 61(i)(3) (procedural default); *see, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 512-13 (D. Del. 2003). Consequently, I am procedurally barred from reviewing these claims, absent a showing of cause and prejudice or of a miscarriage of justice.

_____

[3]The rule was amended in July 2005, reducing the time from three years to one year.

6

Cardone attempts to establish cause for his procedural default by asserting that

his appellate counsel failed to raise unspecified claims on appeal.  An attorney's

ineffective assistance can only constitute cause for a procedural default if the petitioner

exhausted state remedies for the underlying substantive ineffective assistance of

counsel claim and the state court determined that the claim had merit.  *See, e.g., Werts*

*v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000); *Lines v. Larkins*, 208 F.3d 153, 166-67 &

n.20 (3d Cir. 2000).  Here, the alleged deficient performance of Cardone's appellate

attorney cannot excuse Cardone's procedural default because Cardone has not yet

presented his ineffective assistance of counsel claims to the Delaware Superior Court.

In the absence of cause, I do not need to address the issue of prejudice.

Additionally, Cardone has not demonstrated that a miscarriage of justice will occur

without a merits review.  Accordingly, claims one, four, five, and six are procedurally

barred from federal habeas review.

Cardone's petition, which contains two unexhausted claims and four

unexhausted but procedurally defaulted claims, constitutes a mixed petition.  *See, e.g.,*

*Dreher v. Pinchak*, 61 Fed. Appx. 800, 806 (3d Cir. 2003) (stating that, "[a]s Dreher's

habeas petition now contains at least one unexhausted claim, it is a 'mixed petition.'")

(non-precedential); *Slutzker*, 393 F.3d at 380; *c.f. Toulson v. Beyer*, 987 F.2d 984, 987

(3d Cir. 1993) (A "petition containing unexhausted but procedurally barred claims in

addition to exhausted claims [] is not a mixed petition.").  The record indicates that

dismissal of the petition without prejudice will not jeopardize the timeliness of a future

habeas petition, provided Cardone diligently pursues state remedies and pays attention

7

to the one-year statute of limitations period applicable to federal habeas petitions.[4]

Cardone also has not offered any reason for his failure to satisfy the exhaustion

requirement. Thus, rather than stay the habeas proceeding, I will dismiss the petition

without prejudice to provide Cardone an opportunity to satisfy the exhaustion

requirement.

## V.    MOTION TO PRODUCE DOCKET SHEETS

Cardone filed a "motion to produce docket sheets etc." requesting a free copy of

every document filed in this proceeding. (D.I. 23.) I have concluded that Cardone's

petition must be dismissed without prejudice due to his failure to exhaust state

remedies. Consequently, I will deny the motion as moot.

## VI.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court

must also decide whether to issue a certificate of appealability. *See* Third Circuit Local

Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner

makes a "substantial showing of the denial of a constitutional right" by demonstrating

"that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

484 (2000).

If a federal court denies a habeas petition on procedural grounds without

---

[4]Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(1),(2). The record reveals that Cardone's conviction became final for the purpose of AEDPA's limitations period in mid-June 2006.

8

reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Cardone's habeas petition must be dismissed without prejudice for failure to exhaust state remedies. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, I will not issue a certificate of appealability.

## VII.   CONCLUSION

For the reasons stated, Cardone's petition for habeas relief pursuant to 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust state remedies. An appropriate order will follow.